COLUMBIA-KNICKERBOCKER TRUST COMPANY, Respondent,
*v.* ANDREW MILLER, Appellant.

Banking — adjustment of balances by Clearing House only a
tentative payment of checks — question of payment not ulti-
mately decided until drawee has had opportunity to examine
check at its banking house — payee not concerned with rules of
association to which he does not belong — presentment of check
through Clearing House sufficient.

1. While the adjustment of balances by the Clearing House con-
stitutes a sort of tentative or provisional payment of checks, that
adjustment occurs without an opportunity to the members to
examine the items, verify signatures, compare the amounts with the
drawers' accounts, and the like, and regardless of whether the
checks are good. The question of payment is not ultimately decided
until the bank upon which the check is drawn has had an oppor-
tunity to examine the check.

2. In an action to recover upon a check drawn to the order of
defendant and deposited by him in his regular account with the
plaintiff, it appeared that the check was indorsed by the plaintiff
and transferred to another bank which was a member of the New
York Clearing House Association, and in due course was delivered,
at the Clearing House, in a bundle with other items, to the messenger
of the drawee bank. Before that bank had an opportunity to check
up the items received through the Clearing House, verify signatures
and the like, it received a letter from the drawers of the check
announcing their suspension. It thereupon attached to the check
a memorandum to that effect and returned it to the clearing bank
which refunded the amount; thereupon the plaintiff was required to
pay the check and notice was given to charge the indorser. *Held,*
that as between the immediate parties to the transaction there was
plainly no payment; that whether the drawee bank had the right,
under the rules of the Clearing House Association, as between it and
its co-member, to return the check is of no consequence. So far as
the payee was concerned it could refuse payment for any reason or
no reason. It did, in fact, refuse payment and its refusal was acceded
to. It was of no concern to the defendant, an outsider, whether the
rules of the association were violated or not. He was concerned only
with the actual fact, and could neither be prejudiced by, nor gain
advantage from, the constitution and rules of the association. *Held*

*further*, that presentment of the check through the Clearing House was sufficient.

*Columbia-Knickerbocker Trust Co.* v. *Miller*, 156 App. Div. 810, affirmed.

(Argued April 16, 1915; decided May 25, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 2, 1913, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel H. Ordway* for appellant. The check was paid when the balances in the Clearing House were paid, at half-past one o'clock on January 19, 1910, and the defendant was not thereafter liable thereon. (*Nat. Union Bank* v. *Earle*, 93 Fed. Rep. 330; Morse on Banks & Banking, § 449; *Nat. Park Bank* v. *Ninth Nat. Bank*, 46 N. Y. 77; *Title G. & T. Co.* v. *Haven*, 126 App. Div. 802; *Chambers* v. *Miller*, 3 F. & F. 202; *Nat. Exchange Bank* v. *Ginn & Co.*, 114 Md. 181; *Boylston Nat. Bank* v. *Richardson*, 101 Mass. 287; *Blaffer* v. *La. Nat. Bank*, 35 La. Ann. 251; *Tradesmen's Bank* v. *Third Nat. Bank*, 66 Penn. St. 435; *People* v. *St. Nicholas Bank*, 77 Hun, 159; *Overman* v. *H. C. Bank*, 1 Vroom, 61.) Even if the defendant were bound by the Clearing House constitution and rules, the check must still be held to have been paid, and the defendant not liable thereon. (*Mt. Morris Bank* v. *Twenty-third Ward Bank*, 172 N. Y. 244; *Tradesmen's Bank* v. *Third Nat. Bank*, 66 Penn. St. 435; *Nat. Bank of Commerce* v. *Mechanics' Bank*, 148 Mo. App. 1; *L. Ice Co.* v. *State Nat. Bank*, 1 McGloin [La.], 181; *Preston* v. *Canadian Bank*, 23 Fed. Rep. 179; *Nat. Exchange Bank* v. *Ginn & Co.*, 114 Md. 181.)

*Charles H. Tuttle* for respondent. Presentment of the check to the National City Bank through the Clearing

House was lawful, and no other presentment was necessary. (*Morgan* v. *U. S. Mortgage & Trust Co.*, 208 N. Y. 218, 224; *Turner* v. *Bank of Fox Lake*, 4 Abb. Ct. App. Dec. 434; *Johnson* v. *Bank of North America*, 5 Robt. 554; *C. C. Nat. Bank* v. *N. A. Nat. Bank*, 128 App. Div. 554; *Zaloon* v. *Ganin*, 72 Misc. Rep. 36; *M. M. Bank* v. *T. T. W. Bank*, 172 N. Y. 244; *Loux & Son* v. *Fox*, 171 Penn. St. 68; *Robson* v. *Bennett*, 2 Taunt. 388; *Willis & Co.* v. *Finley*, 173 Penn. St. 28; *Preston* v. *Canadian Bank of Commerce*, 23 Fed. Rep. 179.) The claim that the check was discharged when the balances in the Clearing House were settled at half-past one o'clock on January 19, 1910, is utterly without foundation. (*Nat. Bank* v. *G. Nat. Bank*, 35 How. Pr. 412; *Mt. Morris Bank* v. *T. T. W. Bank*, 172 N. Y. 244; *C. C. Nat. Bank* v. *N. A. Nat. Bauk*, 128 App. Div. 554; 198 N. Y. 520; *Hentz* v. *Nat. City Bank*, 159 App. Div. 743; *Stuyvesant Bank* v. *Nat. M. B. Assn.*, 7 Lans. 197; *G. N. Bank* v. *F. D. N. Bank*, 118 Penn. St. 294; *Exchange Bank* v. *Bank of North America*, 132 Mass. 147; *M. Nat. Bank* v. *Nat. Eagle Bank*, 101 Mass. 281; *M. Nat. Bank* v. *Thompson*, 129 Mass. 435; *Merchants' Nat. Bank* v. *Bank of Commonwealth*, 139 Mass. 513; *Crane* v. *Clearing House Assn.*, 2 Penn. Dist. Rep. 509; *Fernandey* v. *Glynn*, 1 Campb. [N. P.] 426n; *Warwick* v. *Rogers*, 5 Mann. & G. 184.) The claim that the plaintiff must treat this check as paid, although it never received any money, merely because the check was in the National City Bank for two hours and (as the appellant claims) there was no evidence that when the City Bank refused to pay the check, it had not sufficient funds of Lathrop, Haskins & Co. is wholly unsound. (*G. Nat. Bank* v. *F. D. N. Bank*, 118 Penn. St. 294; *C. C. Nat. Bank* v. *N. A. Nat. Bank*, 128 App. Div. 554; 198 N. Y. 520.)

MILLER, J.  This is an action upon a check drawn on the 17th day of January, 1910, upon the National City Bank of

13

New York by Lathrop, Haskins & Company to the order of the defendant and by him indorsed and deposited about noon the next day in his regular account with the plaintiff trust company, which on that day indorsed and transferred the check to the National Bank of Commerce, a member of the New York Clearing House Association. At about 10 o'clock on the morning of the 19th the check in a bundle with other items was delivered at the Clearing House to the messenger of the City Bank and was by him delivered unopened at about 10:30 at the latter's banking house. At about noon on that day, and before the City Bank had had an opportunity to check up the items received through the Clearing House, verify signatures and the like, it received a letter from the drawers of the check stating: "We regret to state that we are forced to suspend. Assignee will be named later." Thereupon it affixed to the check a memorandum reading: "Returned to 23 by the National City Bank of New York, assigned." "23" is the Clearing House number of the National Bank of Commerce, to which the check with the memorandum attached was delivered before three o'clock, and the refund made by the National Bank of Commerce to offset the credit given to it at the Clearing House for the check reached the City Bank before three o'clock. Thereupon the plaintiff was required to pay the check and notice was given to charge the indorser. The constitution of the Clearing House Association, article 10, section 6, provides in part as follows: "All checks, drafts, notes or other items in the exchanges, returned as 'not good' or mis-sent, shall be returned the same day directly to the member from whom they were received, and the said member shall immediately refund to the member returning the same the amount which it had received through the Clearing House for the said checks, drafts, notes or other items so returned to it, in lawful money or in Clearing House certificates." Rule 1 provides: "Return of checks, drafts,

etc., for informality, not good, mis-sent, guarantee of endorsement, or for any other cause, should be made before three o'clock of the same day." The constitution also provides that between the hours of 12:30 and 1 P. M. the debtor members shall pay to the manager at the Clearing House the balances against them and at 1:30 o'clock P. M. the manager shall pay the creditor members the balances due them respectively. The system adopted by the Clearing House Association to facilitate exchanges and adjust accounts between its members, as shown by the record in this case, is well explained in the opinion of Judge CULLEN in *Mt. Morris Bank* v. *Twenty-third Ward Bank* (172 N. Y. 244). There was no evidence to show whether the account of the drawers of the check at the City Bank was at the time of their suspension good for the amount of the check.

The appellant contends that the check was paid and that, if it was not paid, it was not duly presented for payment.

Doubtless the adjustment of balances by the Clearing House constitutes a sort of tentative or provisional payment, but that adjustment occurs without an opportunity to the members to examine the items, verify signatures, compare the amounts with the drawers' accounts, and the like, and regardless of whether the checks are good. The constitution of the association contemplates that the members will directly adjust between themselves claims arising from the return of checks. It thus appears that the question of payment is not, and cannot be, ultimately decided until the bank upon which the check is drawn has had an opportunity at its banking house to examine the checks. The time taken to do that may be estimated from the fact that the face total of the checks sent by the Bank of Commerce to the Clearing House on the morning of January 19th, 1910, was $69,645,514.55, and that the face total of checks sent by the City Bank on that morning was $61,141,008.29. In truth the City

Bank refused to pay the check. Its refusal was acceded to by the National Bank of Commerce, which refunded the amount of the credit it had received for the check at the Clearing House. As between the immediate parties to the transaction then there was plainly no payment, but, although claiming not to be bound by the constitution and rules of the Clearing House Association, the appellant contends that payment resulted perforce of them. That argument is based on the construction given to section 6 of article 10, above quoted, to the effect that only checks " not good or mis-sent " may be returned, and it is claimed that that provision of the constitution could not be modified by a rule which contemplates the return of checks for any cause. It is urged from those premises that the adjustment of accounts at the Clearing House constituted payment unless the check was in fact " not good," and that the burden was upon the plaintiff to show that fact, if it were the fact.

We do not consider it necessary to construe the constitution and rules of the Clearing House Association which is a mere agency adopted by its members to facilitate exchanges and the adjustment of accounts as between themselves. We agree with the contention of the defendant that he was not bound by the rules of the association to which he did not belong. Neither could he claim the benefit of them. (See *Merchants' National Bank* v. *National Bank of the Commonwealth,* 139 Mass. 513.) Concededly the adjustment of the accounts at the Clearing House is at most tentative and provisional and subject to an examination by each member of the checks drawn upon it. Whether the City Bank had the right under the rules of the association as between it and the National Bank of Commerce, its co-member, to return the check is of no consequence. So far as the payee was concerned it could refuse payment for any reason or no reason. It did in fact refuse payment and its refusal was acceded to. It was of no concern to the defendant, an

outsider, whether the rules of the association were violated or not. He was concerned only with the actual fact, and could neither be prejudiced by, nor gain an advantage from, the constitution and rules of the association.

It may be assumed that the banking house of the City Bank was the proper place of presentment. (Section 133 of the Negotiable Instruments Law.) The check was in fact presented at that place through the Clearing House. Although the point does not appear to have been expressly ruled upon in this state, it has been assumed in many cases that presentment through the Clearing House is sufficient. (*Turner* v. *Bank of Fox Lake,* 4 Abb. Ct. App. Dec. 434; *Johnson* v. *Bank of North America,* 5 Robt. 554, 594; *Burkhalter* v. *Second National Bank of Erie,* 42 N. Y. 538; *Citizens' Central National Bank* v. *New Amsterdam National Bank,* 128 App. Div. 554; affirmed, 198 N. Y. 520.) It is important to observe the distinction between presentment *through* the Clearing House and presentment *at* the Clearing House. The law undoubtedly contemplates that presentment shall be made by a person authorized to receive payment (See section 132 of the Negotiable Instruments Law), but in this case presentment was made by the holder, the National Bank of Commerce, through the agency of the Clearing House. The check actually reached the banking house of the City Bank in time. Under the arrangement existing between the members of the Clearing House Association payment was to be made, not in currency, but by an exchange of credits at the Clearing House. The tentative or provisional payment through the usual exchange of credits was to stand if upon examining the check after it reached its banking house the bank upon which it was drawn concluded to pay it. If it reached that conclusion, nothing more remained to be done and the tentative or provisional payment became final. That arrangement obviated the necessity of having some one stand at the counter of the

City Bank to receive payment and in practical effect answered the same purpose. We agree with the learned counsel for the appellant that it is not competent for the Clearing House Association to change the rules of the law merchant but we have been unable to discover wherein an attempt has been made to do that. It is quite possible to give effect to the constitution and rules. of the association in so far as concerns transactions between members themselves without in any way affecting the rights of outsiders. To hold otherwise would make it difficult, if not practically impossible, to effect exchanges in a great financial center.

It is unnecessary to consider whether the evidence relating to the second presentment at the counter of the City Bank presented a question of fact.

The judgment should be affirmed, with costs.

WERNER, HISCOCK, CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur.

Judgment affirmed.