FIRST NATIONAL BANK OF PHILADELPHIA, PENNSYLVANIA, Plaintiff, *v.* THE NATIONAL PARK BANK OF NEW YORK, Defendant.

(Supreme Court, New York Trial Term, May, 1917.)

Negotiable instruments — bills, notes and checks — what constitutes payment of check — banks — when plaintiff entitled to judgment.

A check drawn by a trust company to the order of plaintiff was forwarded to its correspondent bank and on the day that it was sent to the New York clearing house with other exchanges

Supreme Court, May, 1917.          [Vol. 100.

·the credit balance due to the correspondent bank, which included the amount of said check, was paid by the defendant bank upon which the check was drawn in accordance with the rules of the clearing house. In an action on the check, *held,* that charging the account of the trust company with the defendant bank constituted a payment of the check and that the mere physical act of defendant's bookkeeper after notice of the suspension of the trust company, which occurred on the same day that the check was sent to the clearing house, of striking out said charge and transferring it to the credit column on the defendant bank ledger did not deprive plaintiff of the right that had accrued by reason of the charge that had been made against the debit account.

When the defendant bank debited the check against the account of the trust company it recognized the validity of the check and plaintiff is entitled to judgment for the amount thereof, with interest.

ACTION upon a check.

Percy S. Dudley (Joseph S. Clark, of counsel), for plaintiff.

Louis F. Doyle, for defendant.

NEWBURGER, J.  On July 21, 1916, the Mutual Trust Company of Orange, New Jersey, being indebted to the plaintiff, sent its check for the sum of $18,231.66, which plaintiff forwarded to the Hanover National Bank, its correspondent in this city. On Monday morning, July 24, 1916, the Hanover National Bank sent the check with other exchanges to the New York Clearing House, where it was presented to the representative of the defendant bank; that, according to the custom in said clearing house, a balance was struck between the representatives of the Hanover Bank and the defendant whereby it appeared that a large sum was due to the Hanover Bank, and that the check sued upon was included in the aggregate credited to the

Hanover National Bank, and thereafter the packages containing the checks received by the defendant drawn upon it were opened and sorted and examined by clerks whose business it is to ascertain whether such checks are properly drawn and are in all respects items which the drawee bank is prepared to pay, and the drawee bank then had the privilege, under the provisions of the constitution of the clearing house, of returning any checks before three P. M. to the bank which had presented them through the clearing house. The credit balance due to the Hanover National Bank on the 24th day of July, 1916, was paid by the defendant in accordance with the rules of the clearing house. A list was prepared of the items and totals of checks of each depositor, and this check, drawn by the Mutual Trust Company to the plaintiff, was included and then entered on a separate sheet under the name of the trust company and sent to the ledger bookkeeper, who entered this total on the debit side of the account of the trust company. At the time of the entry on the ledger there was a sufficient credit balance to meet the check for $18,231.66. It appears that the Mutual Trust Company, which opened for business on July 24, 1916, was closed shortly after eleven A. M. of that day by the banking department of New Jersey. A telephone message to that effect was received by the defendant about half-past one, and at half-past two the same was confirmed by letter, whereupon the cashier of the defendant directed the return of the check in suit to the Hanover National Bank, and subsequently the bookkeeper erased the entry on the ledger and made a new entry of the check in suit as part of the credit balance of the trust company and not as a debit against it. It appears that while such erasure was made on the ledger, that on the slip containing the itemized list of checks received by the defendant

from the Hanover National Bank through the clearing house the item of $18,231.66 was not erased. The check in suit was returned to the Hanover National Bank and repayment claimed under the rules of the clearing house, which was made by said bank. The same afternoon plaintiff telegraphed a protest to the defendant, and later made a tender of the check and demanded payment of $18,231.66, with interest, but payment was refused. It is true that it has been repeatedly held that, under the rules of the Clearing House Association, the payment of balances by it is merely a tentative payment of items debited against any individual bank and is not to be deemed complete until the debtor bank has had an opportunity to examine the items debited against it and has either by silence or affirmative act approved of the debit, and until a drawee bank has actually accepted a check it may render such a check not good by refusing to honor it and by returning it to the bank presenting it. See *Columbia-Knickerbocker Trust Co.* v. *Miller,* 156 App. Div. 810; affd., 215 N. Y. 191; *Hentz* v. *National City Bank,* 159 App. Div. 743. It will be noticed, however, that in these cases cited the courts, while holding that the drawee bank under the rules of the clearing house had the right to return the checks at any time before three o'clock, it could only do so where the bank had at no time debited the amount of the check against the account of the drawer. In this case the account of the Mutual Trust Company was charged with the check of $18,231.66, and in doing so it constituted a payment of the check, and the mere physical act of the bookkeeper, after notice of the suspension of the trust company, of striking out the charge and transferring it to the credit column did not deprive the plaintiff of the right that had accrued by reason of the charge that had been made against the

debit account.  By charging the account of the trust company with this check the same has been paid, nothing more was left to be done and the plaintiff was entitled to receive the proceeds of the check.  As was said in *Nineteenth Ward Bank* v. *First Nat. Bank of South Weymouth,* 184 Mass. 52.  " By those acts there had been set apart and appropriated to the payment of the note so much of the deposit then standing to the credit of the makers as was sufficient for that purpose."  As was said by Mr. Justice Miller in *Baldwin's Bank* v. *Smith,* 215 N. Y. 83: "All that is necessary to constitute payment is the intention to make the application, which may be evidenced in a variety of ways, e. g., by bookkeeping entries, by canceling the note and surrendering it to the makers, by the drawing of a check by the makers and its acceptance in payment by the bank.  See also *Oddie* v. *Nat. City Bank,* 45 N. Y. 735; *American Nat. Bank* v. *Miller,* 229 U. S. 517.  I am therefore of the opinion that the defendant recognized the validity of the check when it debited the check against the account of the drawer, the Mutual Trust Company of Orange, and plaintiff is entitled to a judgment for $18,231.66 and $832.38 interest.

Judgment accordingly.