DANBURY STATE BANK, Appellee, v. ROBERT L. LEACH, Superintendent of Banking, Appellant.

**TRUSTS:** Constructive Trusts—Nondrawee Bank Cashing Checks. No trust relation results from the act of one bank in cashing checks drawn upon another bank and presenting and having them accepted by the drawee bank and receiving in payment a draft on a third bank, which draft was never paid.

Headnote 1: 7 C. J. p. 752 (Anno.)

*Appeal from Woodbury District Court.*—C. H. KELLEY, Judge.

FEBRUARY 16, 1926.

APPLICATION by a claimant against the receiver of an insolvent bank for a preference, and that its claim be established as a preferred one on the ground that it represents a trust fund which became intermingled with the estate of the insolvent, and came into the hands of the receiver to the augmentation of such estate. The preference was allowed by the district court to the extent of the amount of cash in the insolvent bank at the

time of the transaction, which amount was slightly less than the claim. An order was entered accordingly, from which the receiver appeals.—*Reversed.*

*Ben J. Gibson*, Attorney-general, *S. S. Faville*, Assistant Attorney-general, and *Naglestad, Pizey & Johnson*, for appellant.

*Henderson, Fribourg, Hatfield & Fribourg*, for appellee.

EVANS, J.—The Danbury State Bank and the Danbury Trust & Savings Bank were each engaged in the banking business in the town of Danbury, on and prior to June 3, 1924. The first named is the claimant herein, and the second named is the insolvent bank of which the appellant is the receiver. The latter closed its doors on the evening of June 3, 1924. The transaction upon which the plaintiff's claim is predicated involved the clearance of checks between the two banks, had at 11:30 A. M. on June 3, 1924. At the time of such clearance, the plaintiff held and presented checks against the Danbury Trust & Savings Bank to the amount of $2,028. The latter held and presented against the plaintiff checks against it to the amount of $690. In the clearance, a balance was struck in favor of the plaintiff for $1,338, as the amount due the plaintiff from the Trust & Savings Bank. The amount of cash on hand in the Trust & Savings Bank at that hour was less than the amount of such balance, such amount being about $1,100. At the same hour the Trust & Savings Bank had on deposit with its correspondent the First National Bank of Sioux City, the sum of $3,000 or $4,000. In payment of the balance due the plaintiff, it issued its draft to the plaintiff for the amount of such balance, on said First National Bank of Sioux City. Though the plaintiff forwarded the draft in due course, it was not paid for want of funds, the drawing bank having closed its doors on the night of June 3d, owing an overdraft to its correspondent, the First National Bank of Sioux City.

The claim for the plaintiff is that, upon the foregoing facts, the plaintiff became entitled to impress a trust upon the money in the hands of the bank at the hour of the clearance, and that it is entitled to follow such money as a fund passing into the

hands of the receiver as an augmentation of this insolvent estate. The plaintiff, as appellee, plants its case exclusively upon the authority of *Brown v. Sheldon St. Bank,* 139 Iowa 83, and *Messenger v. Carroll Tr. & Sav. Bank,* 193 Iowa 608. It is apparent that the appellee has quite misconceived the nature and scope of the holding in the cited cases.

In order to impress a trust upon an alleged fund, and to assert a preferential claim therefor in the hands of a receiver, two requisites are essential:

(1) That the transaction out of which the claim arose, must have involved a trust relation, whereby the wrongdoer stood in the relation of trustee to the injured party.

(2) That the fund claimed should be traceable into the hands of the receiver to the augmentation of the estate.

The brief of appellee devotes no attention to the first requisite here named.

In *Brown v. Sheldon St. Bank,* 139 Iowa 83, this first requisite was met by a showing of the relation of principal and agent, as between the wrongdoer and the injured party. The title of the fund pursued was at all times in the principal, the Cedar Rapids National Bank, which was the injured party. The wrongdoer held the fund as the agent and trustee of its principal. The same thing was true in the *Messenger* case, 193 Iowa 608.

In the case at bar, there is no showing of any trust relation between the two banks. Up to the hour of clearance, the plaintiff herein was the mere holder of checks. It had the same right to present them and to collect them from the Trust & Savings Bank as had the drawers thereof, respectively. No trust relation was involved at this point.

These checks being presented at the clearance, and being accepted by the Trust & Savings Bank, upon which they were drawn, the relation of debtor and creditor arose. By such acceptance, the Trust & Savings Bank became indebted to the plaintiff bank for the full amount of the checks so accepted. Such is the universal holding of authorities. *Midland Nat. Bank v. Brightwell,* 148 Mo. 358 (49 S. W. 994); *Citizens' Bank v. Bank of Greenville,* 71 Miss. 271 (14 So. 456). Appellant has quite unnecessarily cited scores of authorities to this proposi-

tion in its brief. The brief of appellee has noticed none of these citations, nor has it cited any authority to the contrary.

The fact that the plaintiff, while sustaining the relation of creditor to the Trust & Savings Bank, accepted in payment the draft of the debtor bank, created no trust relation. The wrong suffered by the plaintiff was that it had relied upon the credit of the Trust & Savings Bank in ignorance of its insolvency. It thereby acted to its own hurt. But the hurt had been inflicted before the issuance of the draft. It was inflicted when it cashed the checks drawn on such insolvent. When the balance was struck in its favor at the clearance, it then held a credit against the insolvent bank. It neither lost nor gained anything by the acceptance of the draft, though such draft was in fact drawn on a then existing fund sufficient for its payment. So far as the trust relation is concerned, the plaintiff stood in no different attitude with the draft in its hands than it did while it held the checks which it had paid at a venture, or while it held the credit for a balance due, as a result of the clearance.

It must be held, therefore, that in the clearance transaction the insolvent bank sustained no trust relation to plaintiff, as distinguished from the relation of debtor to creditor, or of the drawee of a check to the holder of the check. No trust relation appearing, it is idle for the appellee to say that it has traced funds into the hands of the receiver. It must be held, therefore, that the plaintiff failed to make a case, and that its claim of preference must be denied.

The order of the district court is, accordingly, reversed.— *Reversed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.