## THE RAMSEY COUNTY NATIONAL BANK OF DEVILS LAKE, North Dakota, a Corporation, Respondent, v. C. J. KELLY, et al., Defendants. C. J. Kelly, and H. J. Kelly, Appellants.

(208 N. W. 831.)

**Banks and banking — customer may reclaim checks listed for collection and deposit with insolvent bank about to close its doors.**

1. Where an insolvent bank, which is about to close its doors on account of such insolvency, accepts from a customer certain checks for collection, or for collection and deposit, it commits a fraud upon such customer and the latter may rescind the transaction and reclaim the checks from the bank.

**Banks and banking — check accepted by insolvent bank about to close its doors, subject to defenses.**

2. And where such insolvent bank negotiates the check so received to a person who has actual knowledge of the circumstances under which it was delivered to, and received by, the insolvent bank, such person receives no better title to the check than the insolvent bank had, and the check is subject to the same defenses in a suit brought thereon by such person as would have been available in an action brought thereon by the insolvent bank.

Opinion filed May 1, 1926.

Banks and Banking, 7 C. J. § 484 p. 730 n. 18.  Bills and Notes, 8 C. J. § 1202 p. 916 n. 7.

From a judgment of the District Court of Ramsey County, *Buttz*, J., the defendants, C. J. Kelly and H. J. Kelly, appeal.

Reversed.

*W. M. Anderson,* for appellants.

Generally the depositor is the owner of the checks and other paper deposited by him for collection and the bank performs the service of collecting as his agent. If the bank is insolvent at the time of depositing the paper, it is fraud to receive it, and whatever the kind of indorsement thereon, no title is acquired by the bank. 5 Cyc. 499.

Note.—On right of depositor to rescind or to claim a trust in respect of a deposit because of insolvency of bank when it was made, see annotation in 20 A.L.R. 1206; 25 A.L.R. 728; 37 A.L.R. 620; 3 R. C. L. 635; 1 R. C. L. Supp. 868.

Where a regular customer of and depositor in a bank had an understanding with the bank by which he was to deposit out of town checks and receive credit therefor, but was to be charged with checks, the bank takes such check for collection only, and is not a purchaser thereof. Fansett v. Garden City Bank, 123 N. W. 686.

*Sinness, Duffy & Wheeler,* for respondent.

The great weight of authority is that where checks are deposited with an unrestrictive indorsement and the depositor receives immediate payment or credit from the bank the title to those checks passes to the bank. Lommos Cotton Gin Co. v. Walker, 70 So. 754; Gonyer v. Williams, 143 Pac. 736; First Nat. Bank v. McMillan Bros. 83 S. E. 149.

CHRISTIANSON, Ch. J.   The sole question presented on this appeal is whether the court erred in sustaining a demurrer to the answer of the defendants, C. J. Kelly and H. J. Kelly.   Plaintiff brought this action to recover on certain checks drawn by the defendant, C. J. Kelly on the Balfour State Bank of Balfour, North Dakota, and made payable to the order of the defendant, H. J. Kelly.   The complaint alleges the execution of the checks, and the delivery thereof to the defendant, H. J. Kelly; and "that thereafter the said defendant, H. J. Kelly indorsed and delivered the said check to the defendant Devils Lake State Bank and that thereafter said Devils Lake State Bank indorsed and delivered the said check to this plaintiff, for value."   The complaint further alleges that the check was presented to the Balfour State Bank for payment, within a reasonable length of time, but was not paid, "payment thereof having been stopped by the defendant, C. J. Kelly, of all of which due notice was given to the defendants;" and that "no part of said check has been paid."

The answer admits the corporate capacity of the plaintiff bank, and of the Devils Lake State Bank.   The answer, also, admits the execution of the checks and the delivery thereof to H. J. Kelly.   The answer denies all allegations of the complaint not so admitted, and further alleges:

"That the checks referred to in said complaint were mailed to H. J. Kelly by the defendant C. J. Kelly and on the 7th day of February, 1925, about 3:45 in the afternoon, fifteen minutes before said defendant Devils Lake State Bank, closed its doors permanently for business,

the mother of said H. J. Kelly took said checks together with another check and stamped them with a rubber stamp reading: 'Pay to the Devils Lake State Bank, or order, C. J. Kelly,' and wrote the name of H. J. Kelly thereunder without the knowledge of either of said defendants and then delivered them to the Devils Lake State Bank for collection only, with the following written instructions:

" 'Please collect all items hereon listed through your regular correspondents, and if not paid, charge to my account. By C. J. Kelly, Febr. 7th, 1925.'

"That the Devils Lake State Bank accepted said checks for collection on the condition heretofore stated, and after banking hours that day proceeded to carry out the agreement so made and stamped on the backs of said checks the following writing:

" 'Pay to the order of the First National Bank of Minneapolis, Minn. Devils Lake State Bank, by H. L. Schutte, Cashier. 77-36.'

"That the First National Bank of Minneapolis was the Devils Lake State Bank regular correspondent and the bank used by it to make clearance of its foreign checks and the plaintiff was not such a bank.

"That prior thereto on that day about 1:30 in the afternoon the plaintiff and defendant bank were clearing their local checks, or checks drawn by their customers on the respective banks and it was found that a balance of around $1,200 was owing by the Devils Lake State Bank to the plaintiff, and as had been the custom practiced by said banks the balance coming to the other was paid for either in cash or a draft; and on this day the Devils Lake State Bank offered to pay its balance by draft on the First National Bank of Minneapolis, where it had sufficient funds to meet the payment, but the plaintiff refused to accept its draft and suggested that it be paid by items from its customers' checks on foreign banks that came in that day for deposit. That after banking hours and after the said Devils Lake State Bank had permanently closed its doors on account of insolvency, the plaintiff made a selection of the checks that had been received that day by it from its customers on foreign banks and which it had for collection and took the same and applied them towards the payment of said balance of $1,200 due it on clearance, among which were the checks now sued upon in this action.

"That the Devils Lake State Bank on said day was insolvent and

had been so for some time prior thereto, which fact was known to the plaintiff. That the plaintiff knew when it took said checks that they were not the property of the Devils Lake State Bank and that it had no title thereto, and that it was the custom of said bank as well as the plaintiff bank to enter into a written agreement with its customers that all checks on foreign banks were taken solely for collection and that it assumed no liability because of receiving said checks for collection.

"That the plaintiff through the transaction heretofore enumerated tried to make itself a preferred creditor of the Devils Lake State Bank at the expense of the depositors of said bank, and took said checks with the knowledge that said bank had no title thereto and by its conduct attempted to nullify the agreement under which the said bank received said checks, although it had notice of the fact that said checks were in its possession for clearing through the First National Bank of Minneapolis as appears by the stamp on each check stamped at the time it took possession of said checks."

For the purpose of determining the effect of an answer the allegations thereof should be liberally construed with a view of substantial justice between the parties. Comp. Laws 1913, § 7458. The answer in this case not only denied the allegations of the complaint, which are the basis of plaintiff's claim of title to the checks in suit; but it further averred that such checks were delivered to the Devils Lake State Bank for collection only; that at the time they were so delivered to, and received by, the Devils Lake State Bank, that bank was insolvent; that only fifteen minutes after these checks were so delivered to, and received by, the Devils Lake State Bank that bank permanently closed its doors on account of such insolvency; that some two hours before the checks were so delivered to, and received by, the Devils Lake State Bank the plaintiff bank, in clearing local checks, had refused to accept a draft drawn by the Devils Lake State Bank upon its Minneapolis correspondent and had suggested that instead of such draft that the Devils Lake State Bank deliver to the plaintiff bank customers' checks drawn on foreign banks, which on that day had been delivered to the Devils Lake State Bank for deposit; and that "after banking hours and after the said Devils Lake State Bank had permanently closed its doors on account of insolvency the plaintiff made a selection of the

checks that had been received that day" by the Devils Lake State Bank from its customers on foreign banks, and which it then had for collection, and that the checks in suit were among the checks so selected and received by the plaintiff bank. The answer further alleges that the plaintiff bank knew all these facts when it received the checks in suit from the Devils Lake State Bank. From the facts alleged we think the only inference reasonably to be drawn is that the officers of the Devils Lake State Bank must have been fully aware of the insolvency at the time it received the checks in suit for collection. And the clear and unequivocal averments are that it received the check for collection; and that at the time of its insolvency, when its right to continue business had ceased, it had not performed its duties as agent and collector (Commercial Nat. Bank v. Armstrong, 148 U. S. 50, 57, 58, 37 L. ed. 363, 367, 13 Sup. Ct. Rep. 533) ; it had not even transmitted the checks to a subagent for collection. In the circumstances, the acceptance of the checks by the Devils Lake State Bank either for collection or for collection and deposit was a fraud upon its customer, and the latter may rescind the transaction and reclaim the checks as against the Devils Lake State Bank, or the receiver thereof. McHenry County v. Northern Trust Co. 51 N. D. 646, 200 N. W. 893; Commercial Nat. Bank v. Armstrong, 148 U. S. 50, 37 L. ed. 363, 13 Sup. Ct. Rep. 533; St. Louis & S. F. R. Co. v. Johnston, 133 U. S. 566, 33 L. ed. 683, 10 Sup. Ct. Rep. 390; 7 C. J. 604; 2 Michie, Banks & Bkg. § 348a; Morse, Banks & Bkg. 5th ed. § 248a; 3 R. C. L. 635; Comp. Laws 1913, § 6940. See also 3 R. C. L. pp. 522–524. The negotiation of the checks by the Devils Lake State Bank to the plaintiff was a breach of faith; and, the plaintiff, having acquired them with notice of the infirmity of the title of the Devils Lake State Bank, has no better title thereto than that bank had. Comp. Laws 1913, §§ 6939–6941, 6943. See also 3 R. C. L. p. 637, § 266.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

NUESSLE, BIRDZELL, BURKE, and JOHNSON, JJ., concur.