ROBERT L. LEACH, State Superintendent of Banking, Appellant, v. IOWA STATE SAVINGS BANK OF MANNING et al., Appellees.

BANKS AND BANKING:    Insolvency—Non-right to Preference.    A bank which cashes checks drawn upon another bank, and in payment receives from the latter a draft (which is not paid), will not be accorded a preference in the settlement of the affairs of the insolvent drawee bank.

Headnote 1:    7 C. J. p. 751.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

JUNE 21, 1926.

This is an appeal by the superintendent of banking from an order of preference entered in the district court in insolvency proceedings against the Iowa State Savings Bank. The order of preference was entered in favor of the intervener, First National Bank, which is appellee herein.—*Reversed.*

*Ben J. Gibson,* Attorney-general, and *Helmer & Minnich,* for appellant.

*Douglas Rogers,* for appellee.

EVANS, J.—The basis of the claim of appellee for preference is a transaction of clearance of checks between it and the insolvent bank. Both banks were engaged in the banking business in the town of Manning. In a clearance between them of checks held respectively by each against the other, a balance was struck of $945.61 in favor of the appellee. The Iowa State Savings Bank issued its draft to the appellee for such amount, drawn on its Chicago correspondent. The doors of the drawing bank were closed immediately thereafter, and the draft was never paid.

The case is fully covered by our holding in *Danbury State Bank v. Leach*, 201 Iowa 321. We do not overlook that appellee contends for a distinction between this case and the cited case in this: That the checks presented by it to the insolvent bank were held by it only as agent, for collection, and that it presented the same only in the course of collection. The allegation to this effect is largely one of conclusion, rather than a statement of a specific fact. The checks appear to have been cashed by the appellee, and to have been presented at the clearance by the appellee as holder thereof. Credit therefor was given to the appellee, and not to any alleged principal. The draft was issued to the appellee, and not to any alleged principal. The course pursued by both banks in reference to these checks appears to have been the ordinary one of clearance and mutual offset.

Moreover, if the appellee had assumed no other relation to the checks than that of agent, for collection thereof, then the resulting loss would be that of the principal, and not of the agent. The right of action would be in the principal, and not in the agent. The alleged distinction, therefore, between the case at bar and that of the Danbury State Bank could avail appellee nothing.

While denying the appellee's right of preference, as claimed by it, the appellant concedes that the appellee is entitled to be classified as a depositor. Such will be the order. In all other respects, the order of the district court is reversed.—*Reversed.*

DE GRAFF, C. J., and VERMILION and MORLING, JJ., concur.