ROBERT L. LEACH, State Superintendent of Banking, Appellee, v. CITIZENS STATE BANK OF ARTHUR, Appellee; LOUISA J. SONNICKSON, Appellant.

**BANKS AND BANKING:**   Insolvency—Preference—Issuance of Cashier's Check.   The mere issuance and delivery of a cashier's check to a depositor create no trust relation whatever.

Headnote 1:   7 C. J. p. 751.

Headnote 1:   21 A. L. R. 680; 3 R. C. L. 643.

*Appeal from Ida District Court.*—R. L. McCord, Judge.

December 14, 1926.

Application for an order establishing a claim as a preferred claim against the assets of a bank in the hands of a receiver. The court refused to establish said claim as a preference, and the claimant appeals. The facts appear in the opinion.—*Affirmed.*

*Charles S. Macomber,* for appellant.

*Ben J. Gibson,* Attorney-general, *S. S. Faville,* Assistant Attorney-general, and *J. R. Murphy,* for appellee.

Per Curiam.—The appellant was a depositor in the Citizens State Bank of Arthur. It appears that said deposit was on open account, and that the appellant had been a customer of said bank for a period of more than five years. Prior to the transaction in question, she had frequently drawn money from said bank. It appears that her method of drawing said money was to ask for money at the bank, stating the amount she desired, and to always receive the same in the form of a cashier's check. She never issued checks against her account. In the afternoon of Saturday, February 23, 1924, the appellant went to said bank and stated to the officer in charge that she wished to withdraw some money for the purpose of paying certain taxes, the amount being $1,051.11, and thereupon said officer gave to the appellant a cashier's check for said amount. The bank was closed on the same afternoon on which said transaction took place, and did not open thereafter. A receiver was duly appointed. The payment of said cashier's check was refused. The appellant claims that, under said state of facts, she is entitled to a preference for the amount of said cashier's check. Appellant parted with nothing at the time of the transaction. She made no deposit in the bank, and gave nothing to the bank. She received from the bank exactly what she asked for, to wit, a cashier's check for a certain amount. The failure to pay the cashier's check under such circumstances does not entitle her to a preference. *Danbury St. Bank v. Leach,* 201 Iowa 321.

See, also, *Leach v. Battle Creek Sav. Bank (Alexander, Intervener)*, 202 Iowa 875, and *Leach v. Iowa State Sav. Bank (First Nat. Bank of Council Bluffs, Intervener)*, 202 Iowa 894.

Appellant claims that the bank acted fraudulently. There is no proof whatever in the record of any representation or pretense on the part of the bank or its officers. The cashier's check was payable upon demand, and could have been presented immediately after it was delivered, and payment demanded thereon. The situation is not one where a bank received a deposit, knowing that the bank is insolvent. The claim of fraud is that the duty rested upon the appellee bank to disclose to the appellant that the bank was insolvent at the time, and that it was fraud on the part of the bank not to do so. If we assume that the inference is warrantable that the officer of the bank at the time knew that the bank was insolvent, this would not make the act of the cashier in giving the appellant a cashier's check, when she requested same, a fraudulent act, such as to justify the establishing of said check as a preference against the assets of said bank. The appellant received exactly the thing that she asked for, to wit, a cashier's check, which was instantly convertible into money by presentation to the bank and demand of payment thereon; and the record shows that there was sufficient cash in the bank to have paid the same, had it been presented. The appellant parted with nothing, and the bank received nothing, by the transaction. The court established appellant's claim against the assets of the bank as that of a depositor, for the full amount thereof. The receiver does not appeal from such order. The court did not err in denying the appellant a preference, upon the facts stated. The order appealed from must be, and the same is,—*Affirmed.*