L. A. ANDREW, Receiver, Appellee, v. TURIN SAVINGS BANK et al., Defendants; NELS FYMBO, Appellant.

No. 41364.

JUNE 24, 1932.

Baron & Bolton, for appellant.

Prichard & Prichard, for appellee.

EVANS, J.—We have presented to us a very indefinite record. The parties dispute here as to the facts presented to the court below. The case was heard in the court below not upon evidence, but upon allegations contained in the objections filed by the appellant to the classification. The objections filed by the appellant in the trial court were as follows:

"That said cashier's check was taken by claimant for value, and the same was purchased for the bona-fide transfer of funds to another bank, to wit, the Sloan State Bank of Sloan, Iowa; that the claimant had lived near Turin, Iowa, prior to a few months ago, and he was the holder of a thirty-three hundred dollar ($3,300) certificate of deposit issued by the Turin Savings Bank of Turin, Iowa, at the time he procured said cashier's check; *that he was paid said certificate of deposit, which was past due, and purchased said cashier's check for the purpose of transferring his funds to the bank at Sloan, Iowa, and near the new residence of the claimant.* That the Turin Savings Bank took up and cancelled said time certificate of deposit; that the cashier's check was deposited by claimant in the Sloan State Bank and he was credited with same; that said cashier's check was returned unpaid and the Sloan State Bank charged the same back to the account of the claimant, and that the claimant is the sole and only party interested in this claim and the proceeds of said cashier's check and he has not assigned the same to any party whomsoever; that the Sloan State Bank cancelled its endorsement on said cashier's check and returned the same to claimant when payment on same was refused. Wherefore claimant prays the court to set aside the ruling and classification of the receiver classifying his claim and refusing a preference thereon, and claimant further prays that the court find and declare this claim to be a preferred claim and order the receiver to pay the same as a preferred claim out of assets of the Turin Savings Bank in his hands, and that the classification. and rejection of said claim by the receiver be set aside and held for naught."

Appellee's motion to strike was as follows:

"Comes now the plaintiff, receiver in the above-entitled matter and moves the court to dismiss the objections of Nels Fymbo to the classification of claims filed by your receiver and states to the court the following reasons therefor:

"1. That said objections of the said Nels Fymbo do not show any reason or authority either in fact or in law why a preference should be granted to the claim of Nels Fymbo.

"2. That said objections show on their face that the said Nels Fymbo was a depositor in the Turin Savings Bank of

Turin, Iowa; that in lieu of a time certificate of deposit he accepted a cashier's check on said bank and became in effect the holder of a demand certificate of deposit and was at all times from the time of issuance of time certificate of deposit to the closing of said bank a depositor in said bank and was entitled to no preference over other depositors.

"3. That the claim of said Nels Fymbo does not show any valid reason why a preference should be granted him on his claim nor does his objections show any reason or basis for the allowance of his claim as preferred.

"4. Said objections show on their face that said cashier's check was not given in the payment of clearings, or money paid for the purchase of a draft for the bona-fide transfer of funds, as provided by law before a preference shall be granted."

The foregoing motion to dismiss the objections was sustained. The appellant purported to predicate his claim of preference upon Section 11, Chapter 30, 43 G. A., which was as follows:

"Any draft, or cashiers' check issued and drawn against actual existing values by any bank or trust company prior to its failure or closing and given in payment of clearings and any money paid in the usual course of business to any bank, or trust company for the purchase of a draft for the bona-fide transfer of funds shall be a *preferred claim against the assets of the bank* or trust company."

The contention of appellant presented to us in argument is that he brought himself within the terms of this legislation in that he purchased the cashier's check with money, having first received the same by collection of his certificate of deposit. On the other hand the contention of the appellee in argument is that the appellant simply exchanged his certificate of deposit for a cashier's check and that therefore he parted with no money and did not come within the operation of the statute above quoted. The receiver contends in argument that the appellant had the status of a depositor and that such status continued notwithstanding the issuance of the cashier's check. He states in argument that appellant was classified as a depositor. This fact does not appear in the abstract. On the other hand it is

not denied in the reply argument. We shall assume therefore that the appellant was classified as a depositor. The sum of the record therefore is that the appellant prayed for a *preference*, nothing less, nothing more. The receiver, appellee, purported to deny the *preference* but classified the appellant as a depositor nevertheless. Prior to the enactment of the statute above quoted holders of cashier's checks or drafts were classified as general creditors. The statute then and now in force required that distribution of the assets be made ratably with preference to the depositors. Under the existing statute the depositors were awarded a statutory preference and were entitled to full payment before general creditors could receive any dividends from the insolvent estate. The holder of a cashier's check or of a draft was deemed a mere creditor and subordinate to the preference of a depositor. This relative status was changed by the legislation above quoted. What was the purport and extent of such change? Did the legislature intend to confer a status upon the holder of a draft or a cashier's check that was superior to the status of a depositor? Or did it aim simply to abolish the difference in status theretofore prevailing and to confer upon the holder of the draft and the cashier's check the same right of preference as already existed in favor of the depositor? Such is the decisive question in this case. It has not been raised by the appellant nor touched in the argument to any degree by either party. If the intent of the legislature was to put a draft holder on the same level of preference as the depositor, then the appellant has received the preference provided by the statute and is entitled to nothing more. And this is so even though the the court purported to deny the preference. It did classify him as a depositor. In the argument here, both parties seem to have taken it for granted that the statute in question put the holder of a draft or a cashier's check upon a higher plane of preference than that conferred upon the depositor by existing law. The correctness or incorrectness of that assumption is decisive of this case. Appellant has not raised it. We are not permitted to take so decisive a question for granted; nor are we willing to decide such question without argument; nor is the appellant entitled to consideration of it without raising the point and presenting it for argument.

It is something of a coincidence that the same oversight oc-

curred in Andrew v. Farmers State Bank, 212 Iowa 1375. In that case the claimant was the holder of a draft for $700. The court below allowed him preference. We affirmed the order here. In that case the nature and extent of the preference was not raised nor passed on by us. The trial court found as a fact that there was sufficient money on hand to pay all preferred claims including that of the claimant. The result is that though two cases have now come before us which invited the application of the new statute, in neither of them has the question been raised as to the nature and extent of the preference granted thereby. In each case it devolved upon the appellant to raise and present the question; and in each case the result was an affirmance of the order below.

Because the appellant has wholly ignored the question, we have no occasion now to pass upon it, nor shall we be willing to pass upon it at any time without a presentation of it supported by argument.

Whether the appellant is entitled to the status of a depositor, is a question not before us. Such status was awarded him in the district court and no appeal was taken from such order.

The judgment below is accordingly—Affirmed.

WAGNER, C. J., and ALBERT, KINDIG, MORLING, FAVILLE and DE GRAFF, JJ., concur.