L. A. ANDREW, Superintendent of Banking, Appellant, v. FARMERS & MERCHANTS STATE BANK, of Cascade; MERCHANTS NATIONAL BANK, of Cedar Rapids, Claimant, Appellee.

No. 41981.

April 4, 1933.

Edw. L. O'Connor, Atty. Gen., Lehan T. Ryan, Asst. Atty. Gen., and Geo. T. Lyon and John K. Chalmers, for appellant.

Parsons & Mills and Ben J. Gibson, for appellee.

Kindig, C. J.—The Farmers & Merchants State Bank of Cascade, an Iowa banking institution, became insolvent and went into the hands of a receiver on June 28, 1932. L. A. Andrew, the superintendent of banking of the state of Iowa, appellant, was duly appointed receiver of the defunct bank, as required by the Iowa statutes.

On June 28, 1932, according to the stipulation of the parties, shortly prior to the failure and closing of the bank, it issued and drew, in the ordinary course of business, a draft for $315.32, in payment of clearings, to the appellee, Merchants National Bank of Cedar Rapids. This draft was drawn on the Central Republic Bank & Trust Company, of Chicago, Illinois. Because of the insolvency proceedings against the Farmers & Merchants State Bank, the draft was not paid by the Central Republic Bank & Trust Company, of Chicago.

Consequently, on December 24, 1932, the appellee, Merchants National Bank of Cedar Rapids, filed, in said receivership proceedings in the Dubuque district court, a claim against the appellant, superintendent of banking, to cover the proceeds of the unpaid draft. As a part of such claim, the appellee, Merchants National Bank, asked that its demand, when allowed, be preferred over all other claimants, including depositors.

A defense was interposed by the appellant, superintendent of banking, on the theory that in no event should the appellee's claim be preferred over depositors' claims. Trial was had on the issues thus joined, and the district court allowed the appellee's claim and preferred it over all other creditors' claims, including those held by depositors. From the judgment thus entered, the superintendent of banking appeals.

I. The cause was tried in the district court very largely on a stipulation of facts. Both the appellee and the appellant adopted the stipulation as setting forth the true facts.

According to the stipulation, the draft in question was issued under such facts and circumstances as to make section 9239-c1 of the 1931 Code applicable. That section provides:

"Any draft drawn and issued by any bank or trust company prior to its failure or closing and given in payment of clearings and any money paid in the usual course of business to any bank, or trust company for the purchase of a draft for the bona fide transfer of funds shall be a preferred claim against the assets of the bank or trust company."

According to the stipulation, as above indicated, the draft was delivered by the Farmers & Merchants State Bank to the appellee, Merchants National Bank. So the Merchants National Bank, as previously stated, is asking for a preference under section 9239-c1, above quoted. This it may do under the statute in question. It is not necessary under this statute that the draft be purchased for, payable to, and presented by, a third person. Such draft may be purchased by and made payable to the payee. After thus being purchased by the payee, the draft may be presented by him as a claim under the statute. Andrew, State Superintendent of Banking v. Farmers State Bank of Grand River et al., 212 Iowa 1375, 238 N. W. 425, 427. There it is said:

"The fact that the draft in question named Jones as payee and not a third party is not material in the instant case."

Consequently, in the case at bar, the appellee bank could, if it acted in good faith, receive, in the due course of business, the draft payable to itself in payment of clearings, and, after the drawer's failure, present the instrument to the receiver for a preference under section 9239-c1, above mentioned. In the stipulation

before referred to, the parties agree that the appellee bank is entitled to a preference for the amount of the draft. The parties disagree, however, concerning the nature of that preference.

At this juncture the appellant, superintendent of banking, claims that the appellee bank's preference is no higher than, or different from that to which the depositors are entitled under section 9239 of the 1931 Code. That section provides:

"The superintendent of banking may apply to the district court for that district in which said bank is located, or a judge thereof, for the appointment of said superintendent as receiver for such bank [the insolvent bank], and its affairs shall thereafter be under the direction of the court, and the assets thereof after the payment of the expenses of liquidation and distribution shall be ratably distributed among the creditors thereof, giving preference in payment to depositors."

By way of answer to that contention, the appellee bank argues, on the other hand, that section 9239 is a distribution statute, and that section 9239-c1 is a preference statute, giving it a preference against the assets of the drawer bank, including those funds which are to be distributed to depositors under the first-named statute. This controversy is provoked by a question raised by this court in Andrew v. Turin Savings Bank et al., 214 Iowa 590, 243 N. W. 152. A preference of the kind claimed by the appellee bank was allowed in Andrew, State Superintendent of Banking, v. Farmers State Bank of Grand River et al. (212 Iowa, 1375, 238 N. W. 425, 426), supra. When stating the facts, this court there said that the district court allowed the claim under the draft "as preferred, and ordered the receiver to pay the said applicant his claim of $700 before he paid anything *to the depositors* or general creditors." (Italics are ours.) After reciting what the district court did, this court affirmed the judgment. It is true that there was no special discussion in Andrew, etc., v. Farmers State Bank (212 Iowa, 1375, 238 N. W. 425), supra, of the point now being considered in the case at bar, but we there indicated that the statute under consideration provides for a preferred claim *against* the receiver of an insolvent bank.

Considerable discussion appears in Andrew, etc., v. Farmers State Bank, supra, concerning the history of the legislation indicating that the preference for the draft of the kind in question is to be

against all the assets, including those to be distributed to deposi-tors. An excerpt is here quoted from Andrew, etc., v. Farmers State Bank (212 Iowa, 1375) supra, reading on page 1378, 238 N. W. 425, 426:

"It is apparent that prior to the enactment of chapter 30, the instant claimant's status would have been that of a general creditor and the relation of debtor and creditor would have existed between the claimant and the bank. The decisions of this court prior to the enactment of said chapter 30 are sufficient to establish the fore-going statement of legal principle. Danbury State Bank v. Leach, 201 Iowa 321, 207 N. W. 336; Leach v. Citizens State Bank of Arthur, 202 Iowa 879, 211 N. W. 526; Leach v. Iowa State Savings Bank, 204 Iowa 497, 212 N. W. 748, 215 N. W. 728. These and similar decisions undoubtedly caused the Legislature to enact chap-ter 30, Acts of the 43d Gen. Assem. [now section 9239-c1 of the 1931 Code], in an attempt to remedy the apparent injustice of such a rule, and to recognize that a draft drawn and issued under the conditions named therein constitutes a preferred claim *against* the receiver of an insolvent bank." (Italics are ours.)

Some of the cases cited in the quotation decide that the money paid in the purchase of a draft does not create a trust to be en-forced in a receivership proceeding; and others declare that the purchase of said draft does not give rise to a preference. There is a manifest distinction between a claim for a trust in a bank re-ceivership proceeding and a claim therein for a preference. Under the trust theory, the relationship of debtor and creditor does not exist. While attempting to enforce a trust in a receivership pro-ceeding, the claimant, in effect, "is endeavoring to obtain from the receiver the trust property owned" by him. Andrew, Superintendent of Banking of State of Iowa, v. State Bank of New Hampton et al., 205 Iowa 1064, 217 N. W. 250; In re Receivership American Sav-ings Bank of Marengo, 210 Iowa 568, 231 N. W. 311, 313.

A preference, on the other hand, contemplates the relationship of a debtor and creditor as the basis for the claim to be preferred. When a depositor makes a general deposit in a bank, the bank be-comes the debtor and the depositor the creditor. L. A. Andrew, State Superintendent of Banking, v. Colo Savings Bank et al., 205 Iowa 872, 219 N. W. 62. Likewise, when a draft is given for clearings, the drawer bank becomes the debtor and the drawee bank

the creditor. See *Danbury State Bank v. Leach, Superintendent of Banking,* 201 Iowa 321, 207 N. W..336.

The word "preference" has been defined as follows:

"In a general sense, the act of preferring one thing above another; choice of one thing rather than another; estimation of one thing more than another; the state of being preferred or chosen before others." 49 Corpus Juris, 1322.

Under the Iowa statute above quoted, the preference for the proceeds of the draft in the case at bar is to be "against the assets of the bank or trust company"; that is to say, the draft is not merely limited to a preference in the assets of the bank to be ratably distributed among general and depositor creditors, as provided in section 9239, but, according to section 9239-c1, such preference "shall be a preferred claim against the assets of the bank or trust company". If, as provided by section 9239-c1, the preference is against the assets of the bank, then necessarily such preference must be against all the assets of the bank, including the funds that otherwise would be distributed to depositors under section 9239. As indicated in *Andrew, etc., v. Farmers State Bank* (212 Iowa 1375, 238 N. W. 425), supra, the legislation was adopted to remedy the apparent injustice of the former rule. But it is argued by the appellant, superintendent of banking, that the former rule classified the claim for a draft, like the one in question, as general. Consequently, it is argued by the appellant that the legislature intended only to lift the claim of the draft from that of an inferior general claim to that of a depositor's claim, which is superior.

Manifestly, however, the appellant, as indicated by the foregoing discussion, is in error in this respect. Attention is called to the fact that the legislature, in giving a preference for a claim on a draft of the kind in question, did not merely amend section 9239, relating to depositors' claims, but, on the other hand, enacted an entirely new section. When so doing, the legislature, as previously stated, declared that the claim on the draft shall be preferred *against* the assets. To what assets did the legislature refer? This inquiry is answered by the legislature, in section 9239-c1, for, to repeat, it there said that such claim shall be preferred against the *assets of the bank.* Obviously, then, the claim for the draft is to be preferred against *all* the assets of the bank. The preference being against all the assets of the bank, it necessarily must include, as above shown,

the assets which otherwise would have been distributed to depositors under section 9239. Section 9239 is a statute providing for distribution among general creditors and depositors. According to the section, such distribution shall be ratable, "giving preference in payment to depositors". Two classes of creditors are referred to in that section—general and depositors. No other creditors are mentioned in the legislation.

Clearly the claim for a draft under section 9239-c1 is not a general claim, nor is it a depositors' claim. Section 9239, therefore, does not cover a preference for the draft. Nor does section 9239-c1 provide that the preference there contemplated shall be merely in the assets of the bank when ratably distributed, as required by section 9239. Section 9239-c1, as already often stated in this opinion, provides that the preference there created is *against,* rather than *in,* the assets of the bank. Furthermore, that section, in effect, provides that the holder of the draft, not in conjunction with someone else, but alone, shall have the preference against the assets of the bank. Again section 9239-c1 does not require that the holder shall participate in the ratable distribution of the bank's funds, as provided by section 9239. On the other hand, section 9239-c1 provides that such holder of the draft shall have a preference, not in ratable distribution of, but against all, the assets of the bank before distributed.

As before seen, section 9239 refers merely to general creditors and depositors. Plainly the appellee bank, as the holder of the draft in question, is neither a general creditor nor a depositor. Under section 9239-c1, however, the holder of the draft has a preferred claim, not as a depositor, in the ratable distribution of the assets of the bank, but rather independent of the depositor against *all* the assets of the bank, including those which otherwise would be distributed to the depositor. So, before there can be a distribution under section 9239, the preferred claim provided for in 9239-c1 must be paid. This preferred claim based on the draft must be paid before there can be a ratable distribution among general creditors and depositors under section 9239.

The history of the legislation sustains this conclusion. Before the enactment of section 9239-c1, as indicated in Andrew, etc., v. Farmers State Bank (212 Iowa 1375, 238 N. W. 425), supra, and the record in this case, Iowa banks could not sell drafts because of the holdings of this court in Danbury State Bank v. Leach, etc.,

201 Iowa 321, 207 N. W. 336; Leach v. Citizens State Bank, 202 Iowa 879, 211 N. W. 526; and Leach. v. Iowa State Bank, 204 Iowa 497, 212 N. W. 748, 215 N. W. 728. Instead of buying drafts, the former customers of the bank purchased postal and express money orders. To remedy this situation, section 9239-c1 was adopted, as indicated in Andrew, etc., v. Farmers State Bank (212 Iowa 1375, 238 N. W. 425), supra. If a claim on the draft under section 9239-c1 were merely on a par with a depositor's claim under section 9239, the relief afforded the banking business would be partial only. Therefore the conclusion we have reached in this case is sustained by the history of the legislation. Moreover, this conclusion is in harmony with the result reached in the case of Andrew, etc., v. Farmers State Bank (212 Iowa 1375, 238 N. W. 425), supra.

II. An attack is made in this court upon section 9239-c1 on the theory that it is unconstitutional. That question, however, was not raised in the district court. Under the circumstances, then, we will not consider the question here. Talarico v. City of Davenport, 215 Iowa 186, 244 N. W. 750.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—Affirmed.

EVANS, STEVENS, ALBERT, DONEGAN, UTTERBACK, KINTZINGER, ANDERSON, and MITCHELL, JJ., concur.