## GROSNER v. FIRST NAT. BANK–DETROIT et al.

### No. 13024.

District Court, E. D. Michigan, S. D.

Dec. 8, 1933.

Grosner & Burak, of Detroit, Mich. (Alvin D. Hersch, of Detroit, Mich., of counsel), for plaintiff.

Robert S. Marx, of Cincinnati, Ohio, and Archer F. Ritchie, of Detroit, Mich., for defendants.

KNIGHT, District Judge.

One Sylvan S. Grosner, son of the plaintiff, on February 8, 1933, purchased for cash from the defendant bank a cashier's check for $1,000. The check was payable to the plaintiff, and was promptly deposited by her in Washington, D. C., for collection. It was forwarded through several banks to the Detroit branch of the Federal Reserve Bank. It bore the indorsement, "Paid through Detroit Clearing House Feb. 14, 1933, Detroit Branch Federal Reserve Bank 9–29 of Chicago 9–29." This indorsement has superimposed upon it these words, "cancelled Feb. 14, 1933, 9–29." The First National Bank-Detroit closed its doors February 14, 1933, at the direction of

the Governor of the state of Michigan, and subsequently, without reopening, was legally declared to be insolvent. The check has not been paid, and plaintiff brings this action to have the cashier's check declared a preferred claim against the assets of the bank. Plaintiff makes these contentions:

(1) That the issuance of the cashier's check, paid for in cash, payable to one not a depositor in the defendant bank, created a trust relationship between payee and the bank, and therefore plaintiff is entitled to preference in payment; and

(2) That the defendant bank accepted this check, as evidenced by the indorsement thereof, and that such acceptance was not revocable.

The rule of law, as I view it, is that a cashier's check evidences only the relation of the bank and payee as debtor and creditor. This rule is supported by leading text-writers and many authorities. It is necessary to cite only a few of these. 7 C. J., § 547 et seq.; Michie on Banks and Banking, vol. 3, 1932, c. 6, § 207 et seq. and cases cited; R. C. L. permanent supplement vol. 2, p. 867, § 272; Charleroi Supply Co. v. Kelly (D. C.) 40 F. (2d) 297; Clark v. Chicago Title & Trust Co., 186 Ill. 440, 57 N. E. 1061, 53 L. R. A. 232, 78 Am. St. Rep. 294; Leach v. Citizens' State Bank of Arthur, 202 Iowa, 879, 211 N. W. 526.

The cases cited by plaintiff present facts not comparable with those here. The illustration is found in these cases. Where a draft was received for collection, it was held that the bank did not have title in Clark Sparks & Sons Mule & Horse Co. v. American National Bank (D. C.) 230 F. 738; In re Citizens' State Bank of Gooding, 44 Idaho, 33, 255 P. 300; Taylor v. Corning Bank & Trust Co., 183 Ark. 757, 38 S.W.(2d) 557; City of Miami v. First National Bank of St. Petersburg (C. C. A.) 58 F.(2d) 561. Where a bank operating with knowledge of its insolvency and issued checks, the payee was held to be entitled to preference. Clark Sparks & Sons Mule & Horse Co. v. American National Bank, supra; Cochrane v. Florida Co., 107 Fla. 431, 145 So. 217; Ramsey County National Bank v. Kelly, 54 N. D. 122, 208 N. W. 831; Charleroi Supply Co. v. Kelly, 40 F. (2d) 297 (D. C. Pa.) and cases cited. Where a mortgage was left for collection and moneys therefrom received, it was held that those moneys were preferred. Sherwood v. Savings Bank, 103 Mich. 109, 61 N. W. 352; Manufacturers' National Bank v. Continental Bank et al., 148 Mass. 553, 20 N. E. 193, 2 L. R. A.

699, 12 Am. St. Rep. 598; Fifth National Bank v. Armstrong (C. C.) 40 F. 46.

The first contention of plaintiff must be dismissed.

██ It is evident that the indorsement of payment was made by the Detroit branch of the Federal Reserve, and that the attempted cancellation was made by the same bank. The constitution of the Detroit Clearing House Association, section 18, provides that all checks presented for payment, in lieu of written indorsements "shall be stamped * * * by the bank presenting the same, with the words 'paid through the Detroit Clearing House' (name of bank to be here inserted) with the date thereon." This indorsement meets the requirements of section 18. There is no express or implied authority that the Detroit Federal Reserve Bank was authorized to pay this check or make this indorsement. Its acts were not binding upon the defendant bank. As was said in South Carolina Nat. Bank of Charleston v. McCandless (C. C. A.) 44 F.(2d) 111, 113: "It is held that, notwithstanding clearing house entries, charging checks against banks upon which they are drawn, the question of payment is not ultimately decided until the drawee bank has had opportunity to examine the check at its banking house." Columbia-Knickerbocker Trust Co. v. Miller, 215 N. Y. 191, 109 N. E. 179, Ann. Cas. 1917A, 348; Eastman Kodak Co. v. National Park Bank (D. C.) 231 F. 320; Id. (C. C. A.) 247 F. 1002.

The second contention of the plaintiff must also be dismissed.

The complaint is dismissed.