CLARE WESSMAN, Appellee, v. ED SUNDHOLM, Appellant.

No. 45109.

April 2, 1940.

Whitney, Whitney & Stern, for appellee.

Diamond & Jory and Robert C. Ritchie, for appellant.

MILLER, J.—Plaintiff's petition alleges that on June 2, 1938, at the residence of defendant in Albert City, Iowa, defendant maliciously assaulted plaintiff, did beat and bruise him, cause him humiliation, mental pain and suffering, physical injuries, and pain and suffering, necessitating hospital and medical expense, causing loss of earnings and resulting in permanent disability. Plaintiff sought damages as follows: Medical expense $382, hospital expense $28.50, damage to clothing $1.50, loss of earnings $391.33, pain and suffering to date of petition $3,108.67, humiliation and mental anguish $2,000, future pain and suffering $1,500, permanent injuries and future hospital and medical expense $1,000, exemplary damages $3,000, totalling $11,412.

Defendant's answer admitted that on said date, at his home "he committed an assault and battery upon the plaintiff, but by way of confession and avoidance, and in justification of the said assault and battery so committed by the defendant upon the plaintiff," asserted that plaintiff called upon defendant at his residence, intruded by entering without invitation or permission, immediately commenced to nag, harass and annoy defendant with solicitations for life insurance in the New York Life Insurance Company, whose agent he was, and, upon being told that defendant did not want such insurance and being requested to leave, refused so to do and was forcibly ejected by defendant, in the altercation defendant using reasonable force and no more. Plaintiff's reply denied the allegations of the affirmative defense.

The plaintiff withdrew from his petition the claims for future pain and suffering, permanent injuries and future hospital and medical expense. The court struck the claim for exemplary damages, but submitted the remaining elements of damage to the jury, who returned a verdict in favor of plaintiff for $500. Judgment was entered therefor and for costs. Defendant appeals.

I. Defendant's first assignment of error asserts that the court erred in overruling his motion for a directed verdict, asserting that under the record it was undisputed that the force used by defendant in ejecting plaintiff from his home, after he had been requested to leave and failed so to do, was only such force as was reasonably necessary to accomplish the ejection. This requires a consideration of the evidence. In such consideration, we are mindful of the fact that it is neither our duty nor privilege to find the facts, but solely to determine what the jury was warranted in finding them to be. In such determination, we are required to view the record in its most favorable light in favor of the plaintiff. So considering the record, we find no merit in defendant's contention.

Plaintiff resides at Sioux City, and is employed by the New York Life Insurance Company. Accompanied by one Moore, he called upon defendant at his place of business in Albert City the latter part of March 1938 and discussed with him the matter of life insurance. Defendant advised him that he was so busy he could not spend any time on it. He did give plaintiff considerable data as to his age, dependents, etc., and stated: "If you will see me the latter part of May we will go into it in detail." Thereafter, plaintiff again stopped at defendant's plant and was told that defendant was too busy to see him. On May 28th he wrote him a letter but received no reply. On June 2, 1938, he and Moore again called at defendant's plant and were advised that defendant was not interested. They called at defendant's home and learned that he was at a kitten ball game. They returned later in the evening, and were advised by defendant's wife that defendant

had not returned. They waited in their car in front of defendant's home.

After a time, plaintiff again knocked at the door. Defendant's wife came to the door. Plaintiff said: "Ed is home, isn't he?" She said: "Yes, he is, come in." She opened the door and plaintiff followed her in. Defendant was sitting reading the paper. Plaintiff said: "Hello, Ed," but he didn't look up. In a minute he finished reading the article and plaintiff made a remark about the fact that he had been out when he called, and said: "I have that material in the car, and if you care to spend a little time on it this evening I will go out and get it." He said: "Didn't the girl at the office say that I was not interested?" Plaintiff said: "That is right, she did, but you asked us to come back, and, after all, you are the boss." He said: "I am going to get rid of you right now." He jumped up, took plaintiff's hat, which was on his knee, went to the door, tossed it out into the yard, and said: "There goes your hat and you are going right after it." He grabbed plaintiff by the left arm, jerked him to his feet, stepped behind him, pushed him to the door and, as they were going through the door, slapped him over his eye, causing the blood to flow into his eyes, then hit him with his fist twice, once under the left ear and once behind that ear. The second blow rocked the plaintiff, and the third blow knocked him off the porch onto the sidewalk. The three blows were struck from behind. The plaintiff did not strike the defendant at any time. After the plaintiff was in the yard, defendant continued to push him out to his car.

The laceration over plaintiff's eye required a couple of stitches. Following the blows in the vicinity of the left ear, plaintiff developed a hemorrhage in the middle ear cavity, causing him pain and distress, requiring hospitalization and an operation. The X-ray showed no fracture, but the condition was diagnosed as a partial hernia of the left inguinal canal, and the operation was described as a sub-mucous resection of the nasal septum.

Plaintiff was in the hospital four days. The hospital bill was

$28.50. He received medical attention until the middle of August 1938 and the expense thereof amounted to $382. He testified that he was unable to work for 41 days, and that his earnings averaged about $10 per day.

Defendant's witnesses described the altercation differently than the plaintiff, but this evidence merely presented a disputed question of fact for the jury to decide. Defendant admitted striking the plaintiff three times. The first blow was described as a slap, the second and third blows were with his fist and each time "a little bit harder." Defendant testified that plaintiff was bleeding before he left the house, and that one of the blows might have been back of the left ear, that defendant "was slightly angry at the time," and that plaintiff didn't make any attempt to strike defendant until they were out on the porch.

The question presented for our consideration is solely whether there was sufficient evidence that defendant, in ejecting plaintiff from his home, used more force than was reasonably necessary to accomplish the ejection. On this issue, defendant, in his answer, assumed the burden of proof, it being asserted as an affirmative defense, and in arguing the case to the jury, the defendant asked for and was granted the right to open and close the argument. Accordingly, we have presented for our decision the question, whether the evidence was sufficient to compel the court to direct a verdict in favor of the defendant on an issue on which the defendant assumed the burden of proof. It is seldom that such a situation arises. After careful consideration of the evidence, we are of the opinion that the evidence warranted the jury's finding that defendant, in undertaking to eject plaintiff from his home, used more force than was reasonably necessary to accomplish such feat.

The only decision of this court relied upon by defendant to sustain his contention is Hannabalson v. Sessions, 116 Iowa 457, 90 N. W. 93, 93 Am. St. Rep. 250. We find nothing in that decision which sustains defendant's contentions here. The only language which would seem to be applicable appears at page 460 of 116 Iowa, at page 94 of 90 N. W., to wit:

"The common sense of the jury may, however, ordinarily be relied upon to reach a conclusion which works substantial justice. The issue presented here is one of simple fact, and, the testimony being conflicting, it was for the jury to say whether the alleged assault was committed as charged. With the verdict rendered thereon we have neither the right nor the disposition to interfere."

II.* Defendant's second assignment of error challenges the court's statement of the issues presented by defendant's answer, wherein the court advised the jury as follows:

"For answer to plaintiff's claim defendant admits that he committed the assault upon the plaintiff at the time and place stated, but claims justification for his action in that plaintiff came into the defendant's residence without invitation and refused to leave after the defendant on two occasions orally requested plaintiff to leave. That in ejecting plaintiff from his home defendant took hold of plaintiff for the purpose of pushing him out, and the plaintiff still refusing to leave braced himself against the jamb and casing of the door of said house and thereupon the defendant struck the plaintiff to complete the ejection of plaintiff from the home of the defendant; that throughout the scuffle the defendant used reasonable force and no more and that the defendant was not malicious in his actions."

Defendant's complaint is that the court erred in stating that "defendant admitted that he committed *the* assault upon the plaintiff at the time and place stated." Defendant contends that, by the use of the words "the assault," the jury was required to conclude "that the assault claimed by the plaintiff, in all its detail, was admitted by the defendant." We do not so construe the instruction. The pleadings referred to but one assault. When, as heretofore stated, defendant admitted that he committed "an assault and battery upon the plaintiff" and then, by way of confession and avoidance, undertook to justify the same, he was referring to the same assault to .

which the plaintiff referred, but was undertaking to describe it differently. We think that the jury was properly so advised, and that the complaint of defendant is without merit.

█ III. Defendant's third and fourth assignments of error complain that the instructions did not limit plaintiff's right to recover in the event that his injuries were due to the excessiveness of the force used by defendant in the assault. The instructions, of course, must be read as a whole. In instructions Nos. 7 and 9, the jury was told that, if they found defendant used more force than was reasonably necessary under all the attending circumstances to eject the plaintiff from his home, "you will find that the defendant would be liable for the damages sustained by plaintiff by reason of the excessive force used." Considering the instructions as a whole, we find no merit in the third and fourth assignments of error.

█ IV. Defendant's fifth assignment of error asserts that the court erred in submitting to the jury the issue raised by the claim of loss of earnings because not supported by the evidence. Plaintiff testified that he was incapacitated for 41 days, and that his earnings prior to his injury were about $10 per day. While this testimony was objected to, the ruling on the objection is not assigned as error. The evidence was in the record. The issue was, therefore, supported by evidence. There is no merit in the contentions here made in this regard.

█ V. Defendant's sixth assignment of error is based upon the statement of the court in its entry of judgment as follows: "The defendant excepts to said judgment. Exception allowed and granted." In ruling upon the motion for new trial, the court included in its entry the statement that the language above quoted was intended by the court to save an exception for the defendant. Defendant contends that the language is subject to but one interpretation, namely, that the exception to the judgment was sustained and, accordingly, there is no judgment of record. We are unable to agree with this contention and hold that the interpretation of the trial court was correct and the action taken by it to clarify the record was proper.

352

Finding no merit in the assignments of error presented for our consideration, the judgment is affirmed.—Affirmed.

The CHIEF JUSTICE and all JUSTICES concur.