STATE OF IOWA, appellee, v. C. E. WALTERS, appellant.

No. 48156.

(Reported in 58 N.W.2d 4)

1254

April 8, 1953.

Rehearing Denied September 25, 1953.

C. E. Walters, pro se.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and John N. Calhoun, County Attorney, for appellee.

BLISS, J.—Chapter 502 of the 1950 Code of Iowa is entitled and known as "Iowa Securities Law." Its administration is vested in the commissioner of insurance for the state of Iowa.

Section 502.3 of the chapter provides: "Definitions. When used in this chapter the following terms shall, unless the text otherwise indicates, have the following respective meanings: 1. 'Security' shall include any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest in an oil, gas, or mining lease, collateral trust certificate, preorganization certificate, preorganization subscription, any transferable share, investment contract, or beneficial interest in title to property, interest in or under a profit-sharing or participating agree-

ment or scheme, or any other instrument commonly known as a security."

Section 502.4 provides for certain specified exempt securities.

Section 502.5 provides for exempt transactions. Paragraph 3 of this section defines one of the transactions, to wit: "An isolated transaction in which any security is sold, offered for sale, subscription or delivery by the owner thereof, or by his representative for the owner's account, *such sale or offer for sale, subscription or delivery not being made in the course of repeated and successive transactions of a like character by such owner, or on his account by such representative,* and such owner or representative not being the underwriter of such security." (Italics ours.)

The particular sale on which the indictment was based was made by defendant in Burlington, Iowa, on August 23, 1950, to Robert Van Weiss, a grocer of that city, for $1000, evidenced by a check of the purchaser, which defendant cashed. The purchaser received a written instrument executed and acknowledged by defendant on said date. With some immaterial deletions it is as follows:

"1. WHEREAS, C. E. Walters is the owner of a certain block of oil and gas leases in Des Moines and Lee Counties, Iowa.

"2. For * * * good and valuable considerations * * * said C. E. Walters sells unto Robert Van Weiss ⅟₃₂nd pipe-line interest in ⅞ths of 160 acres drill block in above mentioned block of leases * * * and agrees to drill a well thereon at least 5000 feet deep unless stopped by igneous rock or granite. * * *

"3. The above purchase by Robert Van Weiss entitles him to an interest in the first well and any additional wells drilled on the above mentioned 160-acre drill block without additional investment except that in event a commercial well is produced that both parties agree that ½ of the income from said well shall be paid by the pipe-line or purchasing agency into the Burlington Bank and Trust Company * * * to be used in drilling additional wells on the within mentioned drill block of ⅞ths of 160 acres.

"4. It is distinctly understood that there shall be no additional assessments of any kind in this transaction during the drilling of the first well.

"5. Said Robert Van Weiss is in no way obligated for any debts that C. E. Walters may incur in drilling operations or otherwise.

"6. Any pipe-line or purchasing agency shall remit.direct to Robert Van Weiss his share of the proceeds from oil or gas produced on this 160-acre ⅞ths drill block.

"7. This is not a real-estate or security transaction, but a pipe-line interest only and said Robert Van Weiss has been advised in advance of completing this transaction that he should not make the purchase unless he can afford to lose the money involved herein.

"8. * * *.

"9. Drilling operations must be completed to the 5000 feet mentioned above not later than 6 months from date."

The indictment was presented to the court on April 14, 1952, at which time defendant was present and stated that he did not desire counsel and was arraigned, and the trial was begun on April 22, 1952. He was his own attorney. He introduced no evidence of any kind, but cross-examined the State's witnesses and made an argument to the jury, whom he referred to during the trial as "this intelligent jury of ladies and gentlemen." He prepared a typewritten record and brief and argument in this appeal.

Mr. Van Weiss, for the State, testified to the purchase of the instrument, set out above, from defendant, and to the delivery of his check for $1000 to him, and both papers were received in evidence. The defendant, though not a witness, stated to the court that he had made the sale transaction and had received and cashed the check. H. G. Rump, as a witness for the State, testified that on September 14, 1950, the defendant had sold him an instrument identical in every way with that delivered to Van Weiss except as to its date and the name of the purchaser, for which he gave defendant his check for $1000 which was paid. Arthur W. Nelson testified to an identical transaction with the defendant on October 5, 1950, and H. L. Murray and Carl D.

Wayne each testified to like transactions with defendant respectively on the 22d and 28th days of August, 1950. The defendant in his cross-examination of these four witnesses conceded that the sale transactions had taken place with each of them just as they had testified.

Mr. S. E. Orebaugh, chief deputy insurance commissioner of Iowa, and general counsel for the insurance department and the securities department, which positions he had filled for eight or more years, was a witness for the State. He had with him the registration records of the Securities Department, and while he was testifying that the instrument, set out above, which defendant had sold to Mr. Van Weiss, and the identical instruments which had been sold to the other witnesses had never been registered as required by chapter 502 of the 1950 Code of Iowa, the defendant interrupted the witness to state to the court that he admitted that none of the instruments had been so registered.

Mr. Orebaugh testified that, in his judgment, the instrument in the sale transaction on which the indictment was based was a "security" as defined in Code section 502.3, and was not exempt as provided in Code sections 502.4 and 502.5, and that it should have been registered as provided in Code sections 502.6 and 502.7. He also testified that this was also true of the instruments involved in the sales testified to by the other witnesses, noted herein.

In his cross-examination of Mr. Orebaugh, defendant brought out the fact that the witness had procured an opinion from the office of the Attorney General of Iowa as to whether the instrument sold to Mr. Van Weiss was a "security" as defined in said chapter 502. Defendant had the witness produce the opinion and had it marked as his exhibit. The court asked him if he desired to offer it in evidence and he replied that he did not since it did not mention paragraph 7 of the instrument he had sold. Defendant rested his case at the close of Mr. Orebaugh's testimony, and the State then offered this opinion of the Attorney General in evidence, and it was received without objection by defendant. This opinion from the office of the Attorney General stated that the instrument was a "security" under section 502.3(1) of the 1950 Code, as it "in part defines a 'security'

as a 'certificate of interest in an oil lease', a 'transferable share' or a 'beneficial interest in title to property, interest in or under a profit-sharing or participating agreement or scheme.'

"Those portions of paragraphs 2 and 3 of the contract herein referred to specifically purport to create in the purchaser an interest in oil wells to be drilled on property under lease by the seller, as well as a quota-share of the oil to be produced therefrom. In our opinion, the instrument containing these provisions constitutes a 'certificate of interest in an oil lease' as defined in section 502.3(1) referred to.

"Paragraph 8 of the contract recognizes the right of the purchaser to transfer the interest created by the contract. Therefore, in our opinion, the contract constitutes a 'transferable share' within the contemplation of said section 502.3(1). Likewise this contract is obviously 'a profit-sharing or participating agreement or scheme', as defined by said section and therefore, in our opinion, falls within the purview of the statutory definition of a security."

The opinion stated that the instrument did not come within the exemptions of sections 502.4 and 502.5. It referred also to the " 'repeated and successive transactions of a like character' ", mentioned in section 502.5(3).

In his cross-examination of the State's witnesses, and in his argument on appeal, defendant stressed chiefly, as the basis of his defense, the fact that paragraph 7 was in the security sold. In a question in the cross-examination of Mr. Orebaugh, defendant said, "Mr. Orebaugh, the defense's whole case rests on paragraph 7." The fact that this paragraph 7 was in each instrument received in evidence tends to indicate that defendant had knowledge of the necessity of registration as provided in said chapter 502, and thought by the insertion of this paragraph to nullify the statutory provisions.

The record shows that although the defendant had a derrick of some kind on the leased ground, there was never any material attempt to sink a well. What, if anything, he may have done in this respect would have no bearing in this case.

Defendant assigned nine errors of the trial court upon which he relied for reversal. The first seven of these complain of errors

in the introduction of evidence, or in instructing the jury. He made but one objection in the direct examination of the State's witnesses, and that consisted of the statement "I object." When the court asked him what his objection was he replied that he would admit the statement of the witness that none of the instruments were registered, was true. Exceptions were noted in his behalf to some rulings of the court sustaining objections to irrelevant questions of defendant in cross-examination. None of these rulings are involved in any error assigned except the eighth assignment.

Defendant requested no instructions to the jury. Neither did he except to any instruction, in whole or in part. With the defendant, county attorney and reporter present in the court's chambers, the jury being absent, the court submitted the instructions in their final form. Mr. Calhoun, county attorney, said: "I have no objections or exceptions." Mr. Walters said: "This is satisfactory to the defense." No motion for new trial nor any other motion was made by the defendant.

■ I. The eighth assigned error was: "That the evidence fails to disclose any competent testimony or evidence in the entire proceedings which would prove the instrument was not exempt from registration or of such competent evidence which would tend to prove such a contract was a security and that such testimony and evidence tending to prove exemption was ruled out by the court as being immaterial."

There is no dispute in the record about any material facts. There was testimony that the instrument, or document or whatever may be its designation, that was sold to Mr. Van Weiss was a "security" as defined in chapter 502 of the 1950 Code of Iowa, and that it was not an "exempt security" under section 502.4, nor was it a part of, nor connected with, an "exempt transaction" under section 502.5 of said Code. These instruments on their face clearly show that they were securities requiring registration under chapter 502 before being sold. There is no evidence of any probative force to the contrary. The recitations of paragraph 7 of the instrument have no force or tendency to establish that they were securities, which need not be registered as provided in chapter 502.

■ II. The ninth assignment of error was: "That the court erred in not granting motion to postpone sentence to prove perjury had been committed." While we find in the clerk's transcript a denial by the court of "the defendant's request for postponement of sentence on grounds shown in the record, refused on grounds stated in the record", we find no other mention or amplification of the matter in any record presented to this court. Also the assignment is not argued, and the defendant will be deemed to have waived the assignment, as is established by many of our decisions. State v. Mead, 237 Iowa 475, 476, 22 N.W.2d 222, and cases cited; State v. Erb, 238 Iowa 612, 615, 28 N.W.2d 24; State v. Rosenberg, 238 Iowa 621, 630, 27 N.W.2d 904; State v. Myers, 241 Iowa 670, 673, 42 N.W.2d 79.

While other assignments of error are not properly before us and could be disregarded, we have nevertheless carefully studied the record and find no sound basis for any error assigned.

■ III. Defendant complains of error in the introduction of the testimony respecting the sales by defendant to the witnesses other than Van Weiss, on the ground that it was an attempt to prejudice him by showing the commission by him of other separate crimes. There is no merit in this contention. Such evidence was proper under section 502.5(3), Code of 1950. It was also proper to prove motive, intent, absence of mistake or accident, an evident common plan or scheme embracing the commission of two or more crimes so related that the proof of others tended to establish the crime charged and to identify the person accused in the indictment. State v. Simpson, 243 Iowa 65, 71, 50 N.W.2d 601, 604, and authorities cited. 22 C. J. S., Criminal Law, sections 683 to 690; State v. Kinkade, 241 Iowa 1259, 1261, 43 N.W.2d 736; State v. Clay, 220 Iowa 1191, 1197, 264 N.W. 77; State v. Burzette, 208 Iowa 818, 222 N.W. 394; State v. Baugh, 200 Iowa 1225, 1226, 206 N.W. 250; State v. Brady, 100 Iowa 191, 69 N.W. 290, 36 L. R. A. 693, 62 Am. St. Rep. 560; 20 Am. Jur., Evidence, section 310, page 289.

■ IV. Defendant insists that this error was so grievous as to have deprived him of a fair trial in violation of Article I, sections 9, 10 and 11 of the Constitution of Iowa, and Amendments 5 and 14 to the Constitution of the United States. This

contention is unsound. As constitutional questions cannot be considered by this court unless specifically raised in the trial court, we will discuss the point no further. Martin Bros. Box Co. v. Fritz, 228 Iowa 482, 491, 492, 292 N.W. 143; Andrew v. Farmers & Merchants State Bank, 215 Iowa 1150, 1157, 247 N.W. 797; Talarico v. City of Davenport, 215 Iowa 186, 190, 244 N.W. 750, 752.

█ V. Where no objection is made in the trial court respecting the admission or rejection of evidence there is nothing for this court to review upon an error assigned therefor. State v. Mauch, 236 Iowa 217, 225, 17 N.W.2d 536; State v. Strable, 228 Iowa 886, 894, 293 N.W. 441; State v. Ostby, 203 Iowa 333, 342, 343, 210 N.W. 934, 212 N.W. 550.

█ VI. When no exception is taken to instructions in the trial court, errors therein, ordinarily, will not be reviewed on appeal. State v. Albertson, 237 Iowa 1148, 1153, 24 N.W.2d 395; State v. Mart, 237 Iowa 181, 185, 186, 20 N.W.2d 63. We have reviewed the instructions, as a matter of grace, and find no errors prejudicial to defendant.

█ VII. Objections to instructions may expressly be waived, as the defendant did. State v. Hartung, 239 Iowa 414, 424, 425, 30 N.W.2d 491. The court's instructions fairly presented the case to the jury and more explicit instructions should have been requested by the defendant if he desired them. State v. Hofer, 238 Iowa 820, 833, 28 N.W.2d 475; State v. Bading, 236 Iowa 468, 479, 17 N.W.2d 804; State v. Griffin, 218 Iowa 1301, 1312, 254 N.W. 841.

VIII. It is said in 47 Am. Jur., Securities Acts, section 16, page 575: "As to the scope and application of so-called 'blue sky laws' with respect to instruments not covered by express statutory definition, it has been said that to lay down a hard and fast rule by which to determine whether that which is offered to a prospective investor is such a security as may not be sold without registration or official sanction would be to aid the unscrupulous in circumventing the law, and that it is better to determine in each instance whether a security is in fact of such a character as fairly to fall within the scope of the statute."

It appears to this court that the instrument sold to Mr. Van Weiss by its terms clearly comes within the definition of a "security" in section 502.3(1) of the 1950 Code of Iowa.

It is our conclusion that the defendant was fairly tried and convicted and that the judgment of the district court should be and it is affirmed.—Affirmed.

All JUSTICES concur. except LARSON, J., who takes no part.