STATE OF IOWA, appellee, v. ARNOLD FERGUSON, appellant.

No. 49202.

(Reported in 86 N.W.2d 901)

362

DECEMBER 17, 1957.

Life & Davis, of Oskaloosa, for appellant.

Norman A. Erbe, Attorney General, Freeman H. Forrest, Assistant Attorney General, and Vincent E. Johnson, County Attorney, for appellee.

HAYS, C. J.—Appeal from a conviction for violation of the "Iowa Securities Law," chapter 502, Code, 1954. Specifically it is charged that defendant knowingly and with intent to evade chapter 502, Code, 1954, did, in Poweshiek County, Iowa, sell to named individuals for $1250 an interest in an oil lease in the State of Kansas without registering as required by section 502.11, Code, 1954.

There is little conflict or dispute in the testimony. Defendant admitted that he owned an oil lease in Kansas, that he was selling in Iowa $\frac{1}{32}$ interests therein for the sum of $1250 each and that he sold such an interest to the individuals named in the indictment, issuing to them a document called an "Assignment of Interest in Oil and Gas Lease." He also admits that he sold similar interests to four or five other individuals in the county. It was stipulated into the record that defendant did not register as provided by section 502.11, Code, 1954.

Appellant assigns six alleged errors as a basis for a reversal. We think in fairness it should be said that counsel presenting this appeal did not represent defendant in the trial court.

I.  Three alleged errors deal with the instructions and refusal to give a requested instruction. Prior to the reading of the instructions to the jury the trial court submitted them to counsel and the record shows that counsel for defendant announced he had no objections or exceptions to the instructions. At the close of the State's case defendant moved for a directed verdict which was overruled. This motion was not renewed at the close of the case, nor does there appear in the record any motion for a new trial and exceptions to the instructions.

The law is well settled that where no exception to instructions is taken in the trial court, errors therein, ordinarily, will not be reviewed on appeal, State v. Albertson, 237 Iowa 1148, 24 N.W.2d 395, and that objections to instructions may expressly be waived. State v. Hartung, 239 Iowa 414, 30 N.W.2d 491; State v. Walters, 244 Iowa 1253, 58 N.W.2d 4; 23 C. J. S., Criminal Law, section 1341. It is clear that defendant has waived any right to predicate error upon the instructions given and the refusal to give Requested Instruction No. 8. However, as a matter of grace, we have examined Instruction No. 8 and Requested Instruction No. 8, both dealing with the question of a "Security."

Instruction No. 8 given by the court told the jury that the document entitled "Assignment of Interest in Oil and Gas Lease" was a security within the meaning of the law. Under the requested instruction it was for the jury to say whether or not it was a security. Section 502.3(1) defines a security to be, among other things, a "certificate of interest in an oil, gas, or mining lease." Under defendant's admissions the question was one of law for the court and the instruction given was correct. People v. McCalla, 63 Cal. App. 783, 220 P. 436; State v. Farr, Mo. App., 277 S.W. 354; State v. Walters, 244 Iowa 1253, 58 N.W.2d 4.

■ II. Appellant asserts the court erred in not directing a verdict for defendant for the reason that he was not a person within the purview of subsections 4, 5, 6, 7 and 8 of section 502.3.

Section 502.11 applies only to dealers and salesmen, but by the last paragraph of said section an issuer is a dealer within the meaning of the section. Subsection 5 of section 502.3 defines an issuer to mean "every person who proposes to issue, has issued, or shall hereafter issue any security." Under the admitted facts defendant was an issuer, thus a "dealer" under section 502.11.

■ Under this record there were only two material questions in issue. (1) Whether defendant acted knowingly and with intent to evade chapter 502, and (2) whether the sale was an isolated transaction and hence exempt under section 502.5(3). Both were sufficiently stated and submitted to the jury.

■■ III. Further error is assigned due to the denial of appellant's motion for a change of venue. Attached to the motion was an alleged affidavit of three disinterested persons to the effect that defendant could not obtain a fair trial in Poweshiek County. No jurat was attached thereto. The State countered with ten affidavits. The trial court in overruling the motion stated that the absence of a jurat was a fatal defect, which is assailed by appellant as not the law. We need not determine that question as the court also said, "Upon the showing made by the respective parties it is the Court's finding and determination that the defendant has wholly failed to establish that he cannot receive a fair and impartial trial in Poweshiek County, Iowa." A motion for a change of venue is addressed to the sound discretion of the trial court and only where an abuse thereof is shown will this court interfere. State v. Meeks, 245 Iowa 1231, 65 N.W.2d 76.

Assuming the affidavit to be sufficient as to form, we find nothing in the record showing the trial court abused its discretion.

Finding no error the judgment of the trial court is affirmed. —Affirmed.

All JUSTICES concur.