STATE of Iowa, Appellee,

v.

Leroy BROWN, Appellant.

No. 53356.

Supreme Court of Iowa.

June 10, 1969.

Virgil Moore, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Larry Seckington, Asst. Atty. Gen., and Mike Hansen, Asst. County Atty., for appellee.

RAWLINGS, Justice.

Defendant, charged with assault and battery, entered a not guilty plea, was tried, found guilty, and sentenced. He appeals. We affirm.

The record discloses defendant's younger brother, Raymond Brown, with some friends, most or all of whom were minors, went to a house in Des Moines for "a party". It also reveals beer was consumed by everyone present. Two of the boys became involved in an altercation. From this point on the evidence is largely in conflict.

Witnesses for the State testified the original fight ceased and the boys left the

premises but returned about a half hour later, accompanied by defendant. The latter became belligerent toward one Norman Bresley, the property owner's brother-in-law, and another fight occurred. Defendant then struck Bresley on the arm and head with a club or hard instrument, causing him some bodily injury requiring medical attention.

Evidence on behalf of defendant is to the effect Raymond was involved in an affray at the party. One of his friends went to a nearby public phone booth, contacted defendant, and reported the incident. Soon thereafter the latter arrived at the scene of the conflict. His brother and some others were then in a car preparing to leave. Defendant got out of his automobile. He was joined by Raymond and associates. One of defendant's witnesses testified to the effect Tim Bresley struck at defendant. Defendant said, while getting from his car, Norman Bresley took a swing at him and he struck back. Defendant also stated his sole purpose in going to the place of trouble was to retrieve the younger brother.

Presented with these facts, trial court found defendant guilty. On appeal he contends, (1) evidence appellant used force other than reasonable in defense of himself and others is insufficient, (2) the court erred in failing to inform him, prior to hearing, he was entitled to trial by jury, unless waived. These assignments will be dealt with in reverse order.

I. As best we can determine, defendant claims the court failed to inform him the offense charged was premised upon the violation of a state law, permitting a jury trial. See Code sections 602.28 and 762.15.

No motion for new trial was filed. In fact this is the first time any jury trial claim has been presented.

■ Ordinarily issues not raised in the trial court will not be entertained on appeal. See State v. McClelland, Iowa, 164 N.W.2d 189, 197. Upon that basis we do not pass on this issue.

II. Invoking the self-defense doctrine, defendant contends the evidence does not disclose he used force other than was reasonable. Trial court found to the contrary.

■ Pertinent here, by way of preface, is State v. Elliston, Iowa, 159 N.W.2d 503, 505, where we said: "In considering a claim of insufficient evidence we view the evidence in the light most favorable to the State. It is the fact-finder's function, not ours, to decide disputed questions of fact and to draw permissible inferences therefrom. The trial courts' findings are binding upon us unless we are satisfied they are without substantial support in the evidence or clearly against the weight thereof. (Authorities cited.)"

■ Turning now to the substantive phase of the subject at hand, this court stated in Sandman v. Hagan, Iowa, 154 N.W.2d 113, 119: "It is well established in Iowa that a person is privileged to come to the defense of another about to be injured. Section 691.3 of the code states: 'Any other person, in aid or defense of the person about to be injured, may make resistance sufficient to prevent the same.' However, this section must be read in connection with section 691.1, which states: 'Lawful resistance to the commission of a public offense may be made by the party about to be injured, or by others.' The import of these two sections is to give a third party the right to come to the aid of another, but in doing so he must use lawful resistance. Lawful resistance, or self-defense, is tested by whether the force used to repel the attack was reasonable. Once the force used becomes unreasonable, the privilege ceases. (Authorities cited.)

"In coming to the defense of another, a person may do only what the person attacked may have done to protect himself. People v. Forte, 269 Ill. 505, 110 N.E. 47, L.R.A.1916B, 924; Prosser, Law of Torts,

3rd Ed., p. 114; 6 Am.Jur.2d, Assault and Battery, § 152; Restatement of Torts 2d, § 76.

"Whether the force used was reasonable is generally a jury question, and the jury's conclusion will be sustained if there is any substantial evidence to support it. Wessman v. Sundholm, 228 Iowa 344, 291 N.W. 137; Lawyer v. Stansell, 217 Iowa 111, 250 N.W. 887."

Additionally Code section 691.2 provides: "Resistance sufficient to prevent the offense may be made by the party about to be injured:

"1. To prevent an offense against his person.

"2. To prevent an illegal attempt by force to take or injure property in his lawful possession."

See also 6 C.J.S. Assault and Battery §§ 18–19, pages 809–816, and 6 Am.Jur.2d, Assault and Battery, sections 59–63, pages 55–58.

Fairly construed trial court here held, in substance, any peril encountered by defendant's brother had passed when defendant appeared on the scene, and he was the aggressor. Under such circumstances the self-defense precept would be inapplicable. See authorities cited above.

 As aforesaid, defendant's declared purpose in going to the premises was to retrieve his brother. On the other hand defendant and his witnesses testified, in effect, the younger brother's fight having ended, he was about to leave the scene when defendant arrived. It is therefore apparent defendant's objective was attained upon arrival at the scene, or would have resulted had he exercised a reasonable degree of self-restraint.

Stated otherwise, the original altercation had terminated and Raymond Brown was about to leave when defendant arrived, at which time the fracas was apparently reinitiated.

Furthermore, defendant's brother was not then in danger, any hazard as to him having passed prior to defendant's appearance. This means defendant acted in retaliation, not in defense of himself or his brother. Trial court, as fact finder, apparently so determined from the evidence, and we find no good reason to disagree with that conclusion.

Affirmed.

All Justices concur.