**STATE of Iowa, Appellee,**

**v.**

**Theresa Rosalee BROWN, Appellant.**

**No. 53046.**

Supreme Court of Iowa.

Nov. 12, 1969.

Morris & Morris, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Larry Seckington, Asst. Atty. Gen., and Ray A. Fenton, County Atty., Des Moines, for appellee.

MASON, Justice.

A Polk County grand jury returned an indictment charging Theresa Rosalee Brown with larceny of property valued in excess of $20 contrary to section 709.1, Code, 1966. Trial to a jury resulted in a verdict of guilty. Her motions in arrest of judgment, exceptions to instructions and for new trial were overruled and defendant was sentenced to the women's reformatory for a term not to exceed five years. Code section 709.2.

Defendant seeks reversal of her conviction challenging sufficiency of the evidence to sustain the verdict and correctness of the court's instruction bearing on aiding and abetting.

On defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict we view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support action of the jury. It is necessary to consider only the supporting evidence whether contradicted or not. State v. DeRaad, Iowa, 164 N.W.2d 108, 109–110, and citations; State v. Medina, Iowa, 165 N.W.2d 777, 781–782; State v. Cornelius, Iowa, 165 N.W.2d 810, 811; State v. Hunley, Iowa, 167 N.W.2d 645, 649; and State v. Badgett, Iowa, 167 N.W.2d 680, 684.

I. Friday morning December 8, 1967, defendant and her 13-year-old son Clifford were distributing new directories for the

telephone company in the 3000 block of 78th Street in Des Moines. The books were carried in defendant's automobile while she and her son each delivered directories to residences from a list of subscribers furnished by the company, returning to the car for additional books as needed or to move to a new spot from which they both worked.

About 8 a. m. defendant made her first stop of the day at the Weston home, 3000 78th Street. Mrs. Weston was just getting ready to leave for work when she saw defendant and a young man in a car parked in front of the house. Defendant called from the car, "Is this the Westons?" or "Is this 78th?" Mrs. Weston answered, "Yes." Clifford got out of the car and delivered three telephone books to her, coming 10 to 20 feet from the front door as defendant backed her car into the Weston driveway, turned and parked on the opposite side of the street. Mrs. Weston said she was not aware of having seen defendant or Clifford before. She took the books into her home, placed them on a coffee table in the living room area. On a chair in this same area were six boxes of wearing apparel valued at $70 which Mrs. Weston had purchased the Sunday before as Christmas presents. The gift boxes bearing identifying marks were visible from her front door.

After placing the books Mrs. Weston returned outside, saw Clifford taking more directories from the rear seat of his mother's car. Mrs. Weston went to work leaving the front door unlocked as she was expecting a lady friend to pick up a uniform.

Mrs. Richard Bond of 3004 78th testified that about 9 a. m. December 8 she saw a lady and boy pull up in a light-colored car and stop in front of the Weston home. The boy got out of the car, entered the home through the front door as defendant backed the car into the Weston driveway. Mrs. Bond saw the boy come from the Weston home carrying six Christmas packages, start to get into the car. She went to another part of the house to call Mrs. Weston and report the incident. When Mrs. Bond returned to her front window they were gone.

After Mrs. Bond's telephone call Mrs. Weston reported the theft to the Urbandale police. In response to a return call from the police about 11 a. m. she went to 92nd and Boston, saw defendant and her son in the car which the police had stopped, described her Christmas packages to the police, showed the sales slips and identified the gift boxes on the back floor of defendant's automobile as her property.

After some pictures of the boxes were taken at the Urbandale police station they were returned to Mrs. Weston.

Mrs. Bond testified the boy she saw leaving the Weston home at 9 a. m. with the packages was the one she had seen around 8 a. m. bringing telephone books to her door from a car and she recognized the lady driving at 9 a. m. as the one she had seen around 8 a. m.

The arresting officers and an Urbandale dispatching officer were the other State witnesses.

Defendant and her son both testified in defense. They do not dispute Clifford took the six Christmas boxes from the Weston home which were found in defendant's car when the two were arrested.

Clifford testified his mother knew nothing of his theft of the merchandise and was not aware the packages were in the car until she discovered them after leaving the Weston neighborhood. When his mother insisted he point out the house from which he had taken the boxes they returned to the Weston house about 9 a. m. He went into the house but returned with the six packages telling his mother this was not the house, although he knew differently.

Defendant as a witness declared she knew nothing of the theft until about 45 minutes after leaving the Weston house

when she discovered the packages on the rear floor as she turned to get more directories. She immediately insisted Clifford tell her where he had gotten them. She also maintains that when Clifford went to the Weston house on their second trip he removed the packages from the car, carried them into the house, but brought them back claiming Weston's was not the right place.

Mrs. Brown said she was still trying to locate the house from which Clifford said he had taken the merchandise when stopped by the police.

The police officers testified defendant gave them a similar account when arrested.

The foregoing constitutes defendant's explanation of her possession of the recently stolen Weston packages.

The State tried the case on the theory defendant was guilty as an aider and abettor. Code section 688.1.

II. "In a criminal action the cause should be submitted to the jury and the court should not direct a verdict of acquittal if there is any substantial evidence reasonably tending to support the charge. [Citing authorities]." State v. Miskell, 247 Iowa 678, 686–687, 73 N.W.2d 36, 41. See also State v. Frink, 255 Iowa 59, 64, 120 N.W.2d 432, 435; State v. Horrell, 260 Iowa 945, 948, 151 N.W.2d 526, 529; and State v. Wimbush, 260 Iowa 1262, 1264, 150 N.W.2d 653, 654.

"Either direct or circumstantial evidence, or both, on each and every essential element to conviction is sufficient to warrant a finding of guilty, if it satisfies triers of facts beyond a reasonable doubt. For this purpose circumstantial evidence may be equal in value to and sometimes more reliable than direct evidence. See State v. Manly, 211 Iowa 1043, 1050, 233 N.W. 110, 113, and State v. Heinz, 223 Iowa 1241, 1255, 275 N.W. 10, 19, 114 A.L.R. 959. However, where circumstantial evidence alone is relied on as to any one or more of essential elements the circumstance or circumstances must be entirely consistent with defendant's guilt and wholly inconsistent with any rational hypothesis of defendant's innocence and so convincing as to exclude a reasonable doubt that defendant was guilty of the offense charged. * * * [Citing authorities]." State v. DeRaad, supra, Iowa, 164 N.W.2d at 109–110.

The State must prove all essential elements of the crime charged and mere presence at the scene of a crime is not enough to prove defendant committed the offense or that she did aid and abet its commission. The proof whether by circumstantial or direct evidence must generate something more than suspicion, or speculation, or conjecture. State v. Daves, 259 Iowa 584, 585–586, 144 N.W.2d 879, 880–881, and citations.

"* * * To aid or abet means to assent to an act or to lend countenance or approval either by active participation in it or by some manner encouraging it. * * * [Citing authorities]. Knowledge is an essential element of aiding and abetting. * * [Citing authorities]. Guilt of a person charged with aiding and abetting must be determined upon the facts which show his part in the crime and does not depend on another's degree of guilt. * * * [Citing authorities]." State v. Daves, supra, 259 Iowa at 586, 144 N.W.2d at 881.

This is seldom capable of direct proof, but may be inferred from the proven circumstances. State v. Myers, Iowa, 158 N.W.2d 717, 720–721. Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed. State v. Myers, supra, State v. McClelland, Iowa, 162 N.W.2d 457, 463.

In State v. Kittelson, Iowa, 164 N.W.2d 157, 161–162, the same principles are expressed in somewhat different language.

The finding of guilt by the trier of fact is binding on us unless we are satisfied it is without substantial support in the

evidence or is clearly against the weight thereof since it is not our function to decide issuable questions of fact properly submitted to the jury. State v. Daves, 259 Iowa at 585, 144 N.W.2d at 880, State v. Horrell, 260 Iowa at 948, 151 N.W.2d at 528–529, both supra.

The trial court did not err in submitting the charge to the jury for the reason that it cannot be said the verdict is without substantial support in the evidence.

■ Mrs. Bond, an eyewitness, saw defendant back her car into the Weston driveway, wait while Clifford entered the home and returned to the car with six Christmas packages. From defendant's 8 a. m. visit to the Weston home the jury could properly infer she knew its occupant would be absent and the front door unlocked when she returned on the second trip at 9 a. m. She admits she then encouraged her 13-year-old son to enter the unoccupied home. The jury was not required to accept her explanation as to why she sent Clifford into the house. These proven circumstances as to defendant's part in the incident serve "to generate more than mere suspicion, speculation or conjecture". State v. McClelland, supra, 162 N.W.2d at 464. They constitute substantial evidence to support a finding defendant either assented to Clifford's act, lent countenance or approval by her active participation in bringing him back to the Weston home at 9 a. m. or in some manner encouraged his entry and theft of the Christmas packages.

III. In her other assignment of error defendant asserts the trial court erred in submitting instruction 6. She contends the instruction given did not contain a definition of the crime of aiding and abetting and was unfair and uncomprehensive in not telling the jury defendant could not be found guilty exclusively on knowledge alone, another's degree of guilt, mere presence at the scene of the crime or close association.

In the part of the instruction attacked the jury was told: "The guilt of a person who aids and abets the commission of a crime must be determined upon the facts which show the part he or she had in it, and does not depend upon the degree of another person's guilt."

In the following paragraph of the same instruction the court defined to "aid" and to "abet".

The State replies to this contention by asserting the instruction contained a sufficient statement of law as applied to the facts and contending that by objecting to the instruction for the first time in her motion for a new trial defendant waived any claimed deficiency therein.

We point out defendant's exception to this instruction urged in motion for new trial was based on substantially the same grounds urged on appeal.

Defendant on the other hand contends that her basis for this assignment of error was timely urged under the holdings of this court in State v. Holder, 237 Iowa 72, 83–84, 20 N.W.2d 909, 915 and State v. Hartung, 239 Iowa 414, 424, 30 N.W.2d 491, 497.

In its admonition to the jury at the close of all evidence the court said it was its duty at that time to furnish counsel with a preliminary draft of the prepared instructions and asked that the jurors step into the corridor. However, the record is otherwise silent as to whether counsel was offered opportunity to take exceptions and make objections at that point in the trial or whether by counsel's conduct he waived his right to object as in State v. Hartung, supra.

There is no dispute that before the instructions were given to the jury defendant did not take any exceptions, make any objections or request that a more explicit instruction be given on aiding and abetting.

These contrary contentions as to the timeliness of defendant's objection to the

instruction raise the issue whether her assigned error based thereon presents a question for review.

In State v. Holder, supra, this court said:

"Section 13845, Code of 1939 [section 780.4, Code, 1966] provides that 'all the provisions relating to mode and manner of the trial of civil actions' shall apply 'to the trial of criminal actions.' Section 13876, Code of 1939 [now 780.35] provides that: 'The rules relating to the instruction of juries in civil cases shall be applicable to the trial of criminal prosecutions.' The rule for instructing juries in civil cases provides that 'the Court shall submit to counsel its instructions in their final form, noting this fact of record, and granting reasonable time for counsel to make objections after argument to the jury and before the instructions are read to the jury * * *.' Rule 196, Iowa Rules of Civil Procedure. The foregoing statutes and Rule make it the duty of the trial court to submit the instructions to counsel in a criminal case in accordance with Rule 196. This does not mean that the defendant in a criminal case must make objections to the instructions in the manner and within the time provided by Rule 196.

"Section 13944 [now 787.3], which is not affected by Iowa Rules of Civil Procedure, provides that the defendant's application for new trial, which can be filed after verdict and before judgment, may contain grounds that 'the court has misdirected the jury in a material matter of law' and that 'the court has refused properly to instruct the jury.' "

Among our later decisions citing State v. Holder with approval are State v. Anderson, 240 Iowa 1090, 1092–1093, 38 N.W.2d 662, 663; State v. Linzmeyer, 248 Iowa 31, 34, 79 N.W.2d 206, 207; State v. Post, 255 Iowa 573, 586, 123 N.W.2d 11, 19; State v. Schmidt, 259 Iowa 972, 980, 145 N.W.2d 631, 636, cert. denied 386 U.S. 965, 87 S.Ct. 1046, 18 L.Ed.2d 115; and State v. Cameron, Iowa, 167 N.W.2d 689, 692.

This right of a defendant in a criminal case to attack the court's instruction for the first time in motion for new trial is subject to two exceptions. A party may expressly waive the right, State v. Hartung, supra, 239 Iowa at 423–424, 30 N.W.2d at 497; State v. Walters, 244 Iowa 1253, 1261, 58 N.W.2d 4, 8; State v. Ferguson, 249 Iowa 361, 363, 86 N.W.2d 901, 903; State v. Hagen, 258 Iowa 196, 203, 137 N.W.2d 895, 899; State v. McElhaney, Iowa, 153 N.W.2d 715, 717; and State v. Upton, Iowa, 167 N.W.2d 625, 630, or if the instruction was correct as given but not as explicit as a party may have desired he must request an additional instruction before the jury is charged.

This statement from State v. Baker, 246 Iowa 215, 230–231, 66 N.W.2d 303, 311–312, supports the second exception:

"It is the duty of the trial court, without request therefor, to fairly present the issues and the law of the case to the jury in order that they may have an intelligent conception of the questions for decision. * * * [Citing authorities]. There may be matters involved in a case of a nature unfamiliar to a jury which should be explained or clarified by instruction, * * *. In accord with statutory law and rules or procedure defendant had opportunity to make known to the court, before submission of the case to the jury, any objections because of instructions given or not given. He made no complaint to the court and he requested no instructions.

"It is a well-settled rule of this court that where an instruction is correct as given, though not as explicit as a party may desire, error cannot be based thereon, in the absence of a request for additional instruction. * * * [Citing authorities]."

Further support for this exception is found in State v. Jensen, 245 Iowa 1363, 1371, 66 N.W.2d 480, 484:

"We think the rule long adopted and often repeated, that ordinarily the defendant in a criminal case who wishes a specific

instruction upon a certain feature of the case must request it, and if he fails to do so he is foreclosed from asserting error, is applicable here. * * * It is sound law and logic that a party may not sit by and permit the court to commit inadvertent error without protest, and then complain for the *first time in his motion for a new trial* or *in the appellate court*. If he wishes the jury to be instructed upon a certain point, it is his duty to advise the court. There are certain situations when a matter is so important in the case or so much an integral part of it that it is the duty of the court to instruct upon it without request. But generally this is not so, * * * [Emphasis supplied]."

In State v. Badgett, Iowa, 167 N.W.2d 680, 688, where defendant made no objections to the instructions before they were read but did challenge the court's instruction in motion for new trial we said:

"We have held many times from our earlier decisions to our recent ones that a party desiring an additional or more explicit instruction should timely request it. A defendant's failure to present an instruction on such a matter or make known to the court his wish to so instruct deprives him of a basis for successful appeal in this court for failure to do so. * * * [Citing authorities]."

In State v. Wessling, 260 Iowa 1244, 1258, 150 N.W.2d 301, 309–310, defendant contended that the trial court committed reversible error in giving an instruction defining direct and circumstantial evidence. Following the introduction of evidence the record shows among other proceedings the following statement by defendant's counsel:

"Let the record show that the defendant has no requested instructions and that we merely reserve the right to take exception at such time as it is provided by law in the event the same become necessary."

Defendant's motion for new trial alleged that the court misdirected the jury because this instruction "is an improper statement of the law under the evidence of this case for the reason that it fails to instruct the jury that this case was based solely upon circumstantial evidence."

In rejecting this contention we relied on State v. Jensen and State v. Baker, both supra, among other decisions cited therein.

In State v. Horrell, supra, 260 Iowa at 953–954, 151 N.W.2d at 531–532, defendant contended on appeal the trial court erred in refusing to amplify instruction 9 as requested "for the reason that said instruction does not properly, fully, correctly or adequately state the law * * * as applied to the facts of the case, respecting aiding and abetting another in the commission of a public offense".

No request for additional or more explicit instructions was made by defendant when the court submitted its proposed instructions to counsel before they were given to the jury. At that time he orally asked that a special interrogatory be submitted to the jury to inquire whether or not defendant was found guilty under instruction 9, being the aiding and abetting instruction, and stated, "as to the remainder of the instructions the defendant would reserve his objections and exceptions as provided by law."

In his fifth ground for motion for new trial defendant noted he had reserved his objections and exceptions to instruction 9 and then proceeded to detail the basis in four separate paragraphs.

In rejecting his contention of reversible error we said:

"We have repeatedly said that the proper time to request additional or more explicit instructions should be before they are given, so that the court may consider and comply with requests having merit. The trial court and the State are entitled to know at that time defendant's contentions as to adequacy and his objections to their sufficiency in time to correct them. State v. Kramer, 252 Iowa 916, 919, 109 N.W.2d

18. In the absence of such a request, we recently held the trial court does not commit reversible error in failing to fully instruct upon the subject of circumstantial evidence. State v. Wessling, Iowa, 150 N. W.2d 301, decided May 2, 1967. Since there was no timely request for additional or more explicit instructions, appellant's assignments Nos. 3 and 5 [the assignments in which defendant contended the court erred in refusing to amplify instruction 9] cannot be sustained."

Instruction 9 in State v. Horrell, supra, is substantially identical to instruction 6 in this case. Here the court added an additional paragraph not found in Horrell but which is not involved in Brown's contention.

Statements similar to those quoted, supra, can be found in many of our other decisions. However, since they involve a different problem we do not rely on them in determining defendant's second assigned error. See State v. Russell, 245 Iowa 1190, 1205, 66 N.W.2d 35, 43, objection to the court's failure to instruct on a specific matter "was not called to the court's attention in any way, by requested instruction, or otherwise"; State v. Fiedler, 260 Iowa 1198, 1205, 152 N.W.2d 236, 241, defendant's motion for new trial made no reference to the instructions which he challenged for the first time on appeal; State v. Hardesty, Iowa, 153 N.W.2d 464, defendant neither objected to the instruction given nor did he raise the question as to the correctness of the instruction in a motion for new trial; State v. Kaster, Iowa, 160 N.W.2d 856, 859, there was no objection to the court's instructions in the trial court either at the time they were given or by motion for a new trial; and State v. Franklin, Iowa, 163 N.W.2d 437, 441, again no motion for new trial was made and defendant for the first time on appeal raised objection to instruction 3.

These decisions involve a situation where an appellant who does not question the correctness or adequacy of an instruc-

tion either before it is given the jury or in motion for new trial is immediately confronted with the rule that ordinarily issues not raised in the trial court will not be considered for the first time on appeal rather than serving as authority for solution of the problem here. They announce a correct rule under the factual circumstances presented therein.

State v. McClelland, supra, Iowa, 164 N.W.2d at 197; State v. Harty, Iowa, 167 N.W.2d 665, 667; and State v. Brown, Iowa, 168 N.W.2d 922, 923, and authorities cited in these opinions hold contentions raised for the first time at this late stage in the proceedings present no question for review.

■■■ Baker and Jensen, supra, state it is the duty of the court, without request therefor, to fairly present the issues and the law of the case to the juries in those situations where a matter is so important in the case or so much an integral part of it that in order for the jury to have an intelligent conception of the question for decision a statement of the law applicable to the facts is required. This rule is consistent with that announced in State v. Holder, supra, which states when the court has misdirected the jury in a material matter of law (Code section 787.3(5)) or has refused properly to instruct the jury (section 787.3(7)) either or both grounds may be raised for the first time in motion for new trial and still properly present issue for review.

■■■ However, where the instruction given contains a correct statement of the law but is not as explicit or well amplified as the party may desire under the holding of Baker, Jensen, Badgett, Wessling and Horrell, all supra, error cannot be based upon the alleged deficiency in this respect in the absence of a request for additional instruction made before they are given the jury and raising any claimed incompleteness in this regard for the first time in motion for new trial is too late to present

an issue for review in this court. This is the rule applicable here.

Any claim that instruction 6 was not a correct statement of the law as applied to the present fact is without merit. Defendant's contention the instruction was "uncomprehensive in not telling the jury defendant could not be found guilty exclusively on knowledg alone, another's degree of guilt, mere presence at the scene of the crime or close association" amounts to an assertion the instruction was not as explicit or expanded in these respects as defendant desired. Her contention that these specific matters should have been included in an instruction asserted for the first time in motion for new trial is too late.

Defendant had a fair and impartial trial. The cause is therefore

Affirmed.

All Justices concur.